IN RE APPLICATION OF AMERICAN FINNISH WORKERS SOCIETY FOR DISSOLUTION.
AMERICAN FINNISH WORKERS SOCIETY AND ANOTHER.
VICTOR TIKKANEN AND OTHERS, INTERVENORS.
STATE OF MINNESOTA, INTERVENOR.[1]

March 16, 1956.

No. 36,796.

---

[1]Reported in 76 N. W. (2d) 708.

564

*Paul Sterling* and *Robert C. Morton,* for appellants.
*M. J. Mulvahill,* for respondents.
*Miles Lord,* Attorney General, for the State.

NELSON, JUSTICE.

In a special proceeding for liquidation of a Minnesota nonprofit corporation, American Finnish Workers Society, an order was made and filed November 12, 1954, wherein the district court assigned the remaining assets and property of said corporation as a trust fund for the assistance in the education of boys and girls of Finnish extraction residing in the vicinity of Hibbing as requested in the petition. Said order constituted a final order. On November 30, 1954, notice of said order was served upon counsel for intervenors Victor Tikkanen, et al., who had filed a complaint in intervention praying all the relief sought by the original petition except that the remaining assets be distributed to the Finnish Workers Club, Inc., a Minnesota corporation which had theretofore filed its articles of incorporation on January 14, 1953. It appears from the proceedings that the Finnish Workers Club, Inc., a new corporation, was not in existence at the time the special proceedings were commenced, and therefore it was not at the time a corporation engaged in activities similar to the American Finnish Workers Society.

On May 27, 1955, the above-named intervenors served a notice of motion to amend the order for final distribution of the corporate assets. The motion was heard June 30, 1955. This was more than 7 months after November 12, 1954. While the motion carries the label: "Motions for findings of fact, conclusions of law and to amend order for judgment, or for a new trial," there are indications that it was in fact a motion to set aside the final order of distribution

affecting substantial rights in a special proceeding[2] and to substitute therefor a different decision. Said intervenors rely upon the case of Fredsall v. Minnesota State L. Ins. Co. 207 Minn. 18, 289 N. W. 780, as authority for their motion. On August 31, 1955, the court filed its order dismissing the motion. This appeal was taken therefrom,[3] and American Finnish Workers Society and its receiver moved to dismiss the appeal.

In the Fredsall case the party moved the court for an order requiring the findings and conclusions to be set out separately before the time to appeal from the order had expired. That case can have no application here for the time to appeal from the final order in the case at bar had expired not later than December 30, 1954. The final order of distribution entered by the district court was appealable as such, but only within 30 days after notice. After the expiration of the 30-day period within which an appeal might be taken, they were foreclosed from the right to appeal and they were likewise foreclosed from proceeding as they did in the motion heard on June 30, 1955, and dismissed.

It may be that intervenors by the notice of May 27, 1955, had in mind obtaining an order from the court requiring separate findings of fact and conclusions of law, and if obtained, to enter judgment and appeal therefrom. An unauthorized judgment would be ineffective for that purpose in a special proceeding of the type here involved. In In re Dissolution of Olivia Co-op. Merc. Co. 169 Minn. 131, 210 N. W. 628, two orders were made, one assessing stockholders on their constitutional liability. More than 30 days after each order, but within 6 months from its date, there was entered at the instance of appellants, the objecting stockholders, a purported judgment on each order. Appeals were taken from the two supposed judgments so entered. This court said that both of the judgments, so called,

---

[2] See definition of special proceedings. Anderson v. Langula, 180 Minn. 250, 230 N. W. 645; State ex rel. Spencer v. Severance, 29 Minn. 269, 13 N. W. 48; as to corporate dissolution, see M. S. A. 300.58.

[3] See M. S. A. 605.08 as to appeal, when taken, and § 605.09 (7) on appeal to the Supreme Court.

were unauthorized. It said that both orders were final and that as orders they were appealable, but only within 30 days after notice.

It is clear that the order of distribution here was appealable, but only within 30 days after notice. The motion made by intervenors here was not made within that time. Without such appeal being taken, the order of the district court dated November 12, 1954, assigning the residue of the assets of said corporation as an educational trust became a finality. The right to appeal expired 30 days after service of notice, and the motion to dismiss appeal must be granted. See, In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687.

Motion granted.

ON MOTION TO VACATE ORDER DISMISSING APPEAL.

On April 20, 1956, the following opinion was filed:

NELSON, JUSTICE.

Upon motion of American Finnish Workers Society and its receiver, this court dismissed the appeal by order filed March 16, 1956. Intervenors-appellants, under date of March 23, 1956, filed their notice of motion to vacate the said order dismissing the appeal.

The Finnish Workers Club, Inc., came into existence as a corporation pursuant to articles of incorporation bearing date December 18, 1952, recorded in the office of the secretary of state December 29, 1952, at 8 a. m. and thereafter duly filed for record with the register of deeds of St. Louis County January 14, 1953. In that respect the original order of dismissal is accordingly amended.

No appeal has been provided by our statutes from the final order in a special proceeding, such as here involved, except pursuant to M. S. A. 605.09(7) and in compliance with § 605.08 by appealing from the final order, even though it may be entered in the form of a judgment, within 30 days after written notice of the entry and filing thereof from the adverse party.

No entry of judgment has been provided for in such special proceeding; none is authorized; and whatever form the document providing for the final disposition takes, it is treated and must be appealed from as a final order.

Although this court has made it clear that limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the Supreme Court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly. Weckerling v. McNiven Land Co. 231 Minn. 167, 42 N. W. (2d) 701; Nelson v. Auman, 221 Minn. 46, 20 N. W. (2d) 702; Johnson v. Union Savings B. & T. Co. 193 Minn. 357, 258 N. W. 504; General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213.

Entry of judgment on order settling receiver's final order for purpose of extending time to appeal is unauthorized. Duncan v. Barnard Cope Mfg. Co. 176 Minn. 470, 223 N. W. 775; In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847; Koochiching Co. v. Franson, 91 Minn. 404, 98 N. W. 98.

When intervenors moved the court below to make findings of fact, conclusions of law, and to amend the order for judgment, or for an order granting a new trial, it promptly dismissed the proceeding.

Intervenors continue to rely on Fredsall v. Minnesota State L. Ins. Co. 207 Minn. 18, 289 N. W. 780, as their authority for the procedure taken by them. While that case involved a receivership, the procedure taken in the court below and, timely, on appeal involved a contested claim and is not in any manner controlling here.

The fact cannot be escaped that the intervenors have mistaken their remedy for the errors of which they complain. No authority exists for relieving said intervenors from their failure to proceed pursuant to § 605.09(7) and appeal from the final order herein within 30 days as required by § 605.08.

Except as corrected and amended with reference to the time of incorporation, the original order of this court must stand.

The motion to vacate said order dismissing the appeal is denied.