## CITY OF CHASKA AND OTHERS v. CHASKA TOWNSHIP AND OTHERS.

135 N. W. (2d) 195.

May 7, 1965—No. 39,487.

*Bowen, Bowen, Preus, Farrell & Adams, Robert M. Bowen,* and *William R. Glaeser,* for appellants.

*Julius C. Smith,* for respondent city.

FRANK T. GALLAGHER, C.

This is an appeal from an order of the district court denying a motion for amended findings or a new trial. The case arose out of a petition by the city of Chaska and others to the Minnesota Munici-

pal Commission for annexation to the city of certain lands in Chanhassen and Chaska townships, Carver County, Minnesota. After a hearing on the petition, the commission issued its order approving and ordering annexation.

Pursuant to Minn. St. 414.07 the townships, their town boards, and the members of the town boards as individuals appealed to the District Court of Carver County from the order of the commission. Section 414.07 provides that an appeal from such an order of the commission to the district court shall be taken in the county in which the majority of the area is located and that, to render such an appeal effectual, the aggrieved person shall file with the clerk of court of that county within 30 days of the order an application for review stating the grounds upon which review is sought. It does not provide that the matter shall be tried as other civil actions.

After a hearing at which no additional evidence was received, the district court entered its order affirming the order of the commission on February 28, 1964. On the same day service of written notice of the filing of the district court's order was made on all parties by the city of Chaska. No appeal was taken from that order.

In its order the court found, among other things, that on October 31, 1961, the city of Chaska duly filed a petition in compliance with Minn. St. 1961, § 414.03, to annex 4,859 acres of unincorporated land in Chanhassen and Chaska townships; that after hearings thereon the Minnesota Municipal Commission entered its order, wherein approximately 3,508 acres of the land described in the petition were ordered annexed to the city effective February 6, 1963; and that the lands ordered annexed had been within the corporate limits of the city since that date. The district court also found that all findings of fact, conclusions of law, and the order made by the commission were supported by substantial evidence; that the record as a whole compelled a finding that the annexation would be to the best interest of the city and the territory affected and that the commission's finding to that effect was strongly supported by the evidence; that the commission had jurisdiction to act; that it did not exceed its jurisdiction; that it did not proceed on an erroneous theory of law; and

that its order was not arbitrary, fraudulent, capricious, oppressive, or in unreasonable disregard of the best interests of the territory affected.

The court concluded that the commission's order was lawful, reasonable, and warranted by the evidence in the case and ordered that it be "in all things affirmed and sustained." The court also denied appellants' motion for an order remanding the matter to the commission with instructions to submit the question of annexation to the voters in the area under consideration.

In a memorandum made a part of its order the court, after extensively reviewing the issues, stated that in its opinion "annexations of this nature are desirable so that a community can expand to encompass the population or development which is or will be occurring immediately beyond its borders" and that it was satisfied that the record supported the findings, conclusions, and order of the commission.

On March 20, 1964, appellants moved for amended findings or a new trial on the grounds, among others, that the findings and conclusions were not justified by the evidence and were contrary to law; that the evidence failed to prove that the area ordered annexed is or is about to become urban or suburban in character; that the commission had no jurisdiction to act and exceeded its jurisdiction; and that its order was based on an erroneous theory of law. On April 6, 1964, the court issued an order denying the motion. It is from that order that this appeal is taken.

Minn. St. 414.07 provides for appeals in annexation cases from the district court to the supreme court "in accordance with the provisions of Minnesota Statutes, Chapter 605." Section 605.09(g) states that except as otherwise provided by statute an appeal may be taken to this court from a final order or judgment affecting a substantial right made in a special proceeding but that it "must be taken within the time limited for appeal from an order." Section 605.08, subd. 1, provides that an appeal may be taken from an order *within 30 days* after the service on the adverse party of written notice of the filing of the order.

Respondent moved to dismiss the appeal, contending that the order

of April 6 is nonappealable and that the order of February 28 affirming the order of the commission annexing the lands to the city was a final order inasmuch as it was a final declaration of the district court announcing the legal consequences of all the facts brought before it on review, was a determination of the entire proceedings before the court, and determined all of the rights of the parties and all of the legal and fact questions involved. The time in which an appeal from the order of February 28 could have been taken expired March 30, 1964.

It is our opinion that the district court's review of the commission's order in this case was a "special proceeding." Town of Eagan v. Minnesota Municipal Comm. 269 Minn. 239, 130 N. W. (2d) 525. Also, that the court's order of February 28, 1964, was appealable under § 605.09(g) as a final order, affecting a substantial right, made in a special proceeding.

The word "final" when used to designate the effect of a trial court's judgment or order means that the matter is conclusively terminated so far as the court issuing the order is concerned. Morey v. School Bd. of Independent School Dist. No. 492, 268 Minn. 110, 128 N. W. (2d) 302. It appears to us that the district court's order of February 28 conclusively terminated the matter so far as that court was concerned. However, no appeal was ever taken *from that order.* Instead, this appeal was taken from the order of April 6, 1964, denying appellants' motion for amended findings of fact or a new trial.

Respondent argues that the district court's order of April 6 is not a final order as it does not dispose of the matter in controversy. It contends that the motion made on March 20 was really a motion to obtain review of the matter and not a motion for a "new trial" inasmuch as there was not a trial in the first place. It is respondent's position that the motion was in essence a request to the court to amend or vacate its original decision of February 28 and substitute another and that as such the denial of the motion is not appealable. In re American Finnish Workers Society, 246 Minn. 563, 76 N. W. (2d) 708.

It is our opinion that there is merit to respondent's position, as it appears to us from the record here that the court's order of February 28, 1964, was a final one, and that it was not appealed from within

the time limited by statute. Burkholder v. Burkholder, 231 Minn. 285, 43 N. W. (2d) 801, and cases cited. It is our further opinion that the time for taking the appeal from that order could not be extended by any order designed directly or indirectly to accomplish that purpose. Weckerling v. McNiven Land Co. 231 Minn. 167, 42 N. W. (2d) 701. We conclude that the denial of appellants' motion of March 20 was in substance a refusal by the trial court to vacate its appealable order of February 28, 1964, and as such it is not appealable. Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426; In re American Finnish Workers Society, *supra*. Although appellants' motion of March 20 was for amended findings or a new trial, the court could not have granted a new trial under the facts and circumstances here because there was never a "trial" but only a review of the commission's determination which was limited in the district court to the record before the commission. As we see it, after the district court had made its final order of February 28, it could only have vacated it and substituted a different final order. This was not done in this case. Respondent's motion to dismiss is granted.

In view of our decision to dismiss, we will not consider the merits of the case except to make the following comments. According to the record, the petition for annexation of certain unincorporated territory involved herein first came on for hearing before the Minnesota Municipal Commission on December 6, 1961. After receiving various motions the commission continued the hearing to December 18, 1961, at which time evidence was taken, testimony heard, and certain exhibits received. All members of the commission were present at both of these hearings. A reconvened hearing on December 27, 1961, was continued to January 19, 1962, when evidence was also taken, testimony heard, and certain exhibits received, and again on February 15, 1962. A quorum of the commission was present at those hearings. All parties of record were represented by counsel at the hearings. By April 26, 1962, briefs were submitted to the commission in behalf of all parties of record and all parties who had noted an appearance. Thereafter, the commission made extensive findings of fact and concluded, among other things, that the area described in paragraph V

of its findings is or is about to become urban or suburban in character; that it is so conditioned and so located as to be properly subject to the municipal government of the city of Chaska and that the annexation of the territory described in paragraph V would be to the best interest of both the city and the territory; that the township form of government is not adequate to cope with problems of urban or suburban growth in the territory described in paragraph V and that the city of Chaska can feasibly and practically provide for, and best serve, the need of governmental services presently and as they become necessary in said territory.

On December 16, 1963, the District Court of Carver County held its hearing on the appeal from the order of the commission. The district court determined that the commission's findings, conclusions, and order were supported by substantial evidence and that the record as a whole compelled a finding that the annexation would be to the best interest of the city and territory affected; that the commission had jurisdiction to act and did not exceed its jurisdiction; that it did not proceed on an erroneous theory of law; and that its order was not arbitrary, fraudulent, capricious, oppressive, or in unreasonable disregard of the best interest of the territory affected. It concluded that the commission's order was lawful, reasonable, and warranted by the evidence in the case and ordered that it be affirmed and sustained.

It seems to us that the matter has been thoroughly heard and determined by the commission, and reviewed and considered by the district court on appeal. It also appears that the attorneys for all of the parties interested in these proceedings have carefully presented the matter at the various hearings before the commission and before the district court and that the commission and the trial court furnished all parties the opportunity to present their respective sides of the case before making their decisions.

Appeal dismissed.