**Chris KNUTSON, Petitioner,
Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. CX–86–1329.**

Court of Appeals of Minnesota.

June 2, 1987.

Michael O. Burns, Burns, Wielinski & Elleraas, St. Cloud, for respondent.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., HUSPENI and MULALLY,* JJ.

## OPINION

POPOVICH, Chief Judge.

Respondent's driver's license was revoked for an implied consent violation. He petitioned for judicial review, and the trial

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

court rescinded the revocation. The Commissioner moved for a new trial, and the trial court denied the motion. The Commissioner appeals from the order denying the motion for a new trial.

## FACTS

Trooper Randy Stanfield was on duty during the early morning hours of April 17, 1986. He was dispatched to the scene of a one vehicle rollover accident. Upon arriving, he found a damaged truck, but did not see the driver. After investigating, he left the scene.

Later, the dispatcher advised the trooper that the driver of the vehicle, respondent Chris Knutson, was at district headquarters with his father. Stanfield went to headquarters and respondent told him he was the driver of the damaged truck, but denied he had been drinking that night. Stanfield, who saw indicia of intoxication, arrested respondent for driving while under the influence. Respondent's license was revoked for an implied consent violation and he petitioned for judicial review. The sole issue at the hearing was whether the trooper had probable cause to believe respondent had been driving while under the influence.

On June 12, 1986, the trial court issued an order rescinding the revocation. Respondent served a copy of the order on the Commissioner on June 18, 1986, and on June 30, 1986, the Commissioner moved for a new trial. On August 4, 1986, the court issued an order denying the motion for a new trial, and confirming the order of June 12, 1986. The Commissioner appeals from the order denying the motion for a new trial.

## ISSUE

May an appeal be taken from a denial of a motion for a new trial in an implied consent proceeding?

## ANALYSIS

1. The Commissioner appeals from the order denying a motion for a new trial. While an order denying a motion for a new trial is generally appealable, Minn.R.Civ. App.P. 103.03(d), the circumstances here warrant a closer examination of the issue.

After a hearing on a driver's petition for judicial review, the trial court shall order the revocation of the driver's license be rescinded or sustained. Minn.Stat. § 169.-123, subd. 6 (1986). Any party aggrieved by this decision may appeal as provided in Minn.Stat. § 487.39. Minn.Stat. § 169.123, subd. 7. The appeal must be taken in accordance with the rules of civil appellate procedure. Minn.Stat. § 487.39, subd. 1(a) (1986).

■ The rules of civil appellate procedure provide that appeals may be taken from certain orders and judgments; an order in an implied consent hearing is not specifically included. Minn.R.Civ.App.P. 103.03. However, Minn.R.Civ.App.P. 103.-03(g) provides that:

> An appeal may be taken to the Court of Appeals:
>
> \*   \*   \*   \*   \*   \*
>
> except as otherwise provided by statute, from a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding, provided that the appeal must be taken within the time limited for appeal from an order \* \* \*.

A special proceeding has been defined as:

> any civil remedy in a court of justice which is not of itself an ordinary action and which, if incidental to an ordinary action, independently of the progress and course of procedure in such action, terminates in an order which, to be appealable [within the meaning of the rule] must adjudicate a substantial right with decisive finality separate and apart from any final judgment entered or to be entered in such action upon the merits. A special proceeding usually means such a proceeding as may be commenced independently of a pending action by petition or motion, upon notice, in order to obtain special relief.

*Chapman v. Dorsey*, 230 Minn. 279, 283, 41 N.W.2d 438, 440–41 (1950) (emphasis deleted) (citations omitted). An implied

consent proceeding is a "special proceeding," and an appeal from an order rescinding or sustaining a revocation is taken under Minn.R.Civ.App.P. 103.03(g). *See State, Department of Public Safety v. Ogg,* 310 Minn. 433, 435–36 & n. 7, 246 N.W.2d 560, 562 & n. 7 (1976).

The Commissioner did not take the appeal route outlined above, and such an appeal would not be timely now. Respondent served the Commissioner with notice of the filing of the order rescinding the revocation on June 18, 1986. Pursuant to Minn.R.Civ. App.P. 103.03(g) and 104.01, an appeal from the order must be taken within 30 days after service by the adverse party of written notice of filing. *Beatty v. Winona Housing and Redevelopment Authority,* 277 Minn. 76, 79, 151 N.W.2d 584, 586 (1967). Consequently, the time for an appeal from that order has run. Further, the notice of appeal from the order denying the motion for a new trial, dated August 8, 1986, was also made after the time for appeal from the order rescinding the revocation.

■ 2. The Commissioner instead made a motion for a new trial, and then took an appeal from the denial of the motion. He asserts that under the rules of civil procedure, a motion for a new trial may be brought in an implied consent proceeding. A motion for a new trial is generally required to preserve for appellate review issues arising during the course of the trial, *Sauter v. Wasemiller,* 389 N.W.2d 200, 202 (Minn.1986), and an appeal may be taken from the denial of a motion for a new trial in those cases. Minn.R.Civ.App.P. 103.-03(d). Such a motion is not required in an implied consent proceeding to preserve issues for review. *Montpetit v. Commissioner of Public Safety,* 392 N.W.2d 663, 665 n. 1 (Minn.Ct.App.1986).

■ In addition, while the motion is labeled a motion for a new trial, it appears it was a motion to set aside the final order affecting substantial rights in a special proceeding, and to substitute a decision in favor of the Commissioner. *In re American Finnish Workers Society,* 246 Minn. 563, 564–65, 76 N.W.2d 708, 709 (1956).

This is more in the nature of a motion to vacate or amend an appealable order; an order denying such a motion is not appealable. *City of Chaska v. Chaska Township,* 271 Minn. 139, 143, 135 N.W.2d 195, 198 (1965); *cf. Nordeen v. Commissioner of Public Safety,* 382 N.W.2d 256 (Minn.Ct. App.1986) (decision affirmed trial court order which vacated earlier order rescinding the revocation when earlier order was based on court of appeals' decision which had since been reversed by supreme court and appeal time for earlier order had not yet run).

■ Where there is an appealable order, the appeal should be taken from that order, rather than from a subsequent order denying an unsuccessful motion to vacate the first order, which was not appealed from within the statutory period. *Kolb v. City of Minneapolis,* 229 Minn. 483, 487, 40 N.W.2d 619, 621 (1949); *Barrett v. Smith,* 183 Minn. 431, 237 N.W. 15 (1931).

■ Further, several cases have specifically considered appeals in special proceedings, in which the appeal was taken after the 30–day appeal period had expired, *Koochiching Co. v. Franson,* 91 Minn. 404, 404, 98 N.W. 98, 99 (1904) (per curiam), or in which the appeal was taken from an order denying a motion made after the final order was issued. *American Finnish Workers Society,* 246 Minn. at 564–65, 76 N.W.2d at 709. These cases have held that the appeal in a special proceeding must be taken within the 30–day period and, after the expiration of that period, the parties were foreclosed from the right to appeal. *Id.* at 565, 76 N.W.2d at 710; *Koochiching Co.,* 91 Minn. at 405, 98 N.W. at 99. The time for taking the appeal from the final order may not be extended by any order designed to accomplish that purpose directly or indirectly. *City of Chaska,* 271 Minn. at 143, 135 N.W.2d at 198.

■ 3. Finally, another connected factor to consider is that the implied consent statute provides a summary, speedy proceeding for a challenge to a driver's license revocation. The Commissioner need not file a responsive pleading to the peti-

tion. Minn.Stat. § 169.123, subd. 5c. The hearing should be held within 60 days after the petition is filed. *Id.* subd. 6. The trial court must decide the matter within 14 days following the hearing. *Id.* Allowing an appeal from a motion for a new trial here would increase the appeal period, and the time for resolution of the matter.

4. For all of the reasons discussed above, we hold that the appeal here was improperly taken and the matter is therefore dismissed. Consequently, the merits of the appeal will not be addressed.

### DECISION

This appeal is dismissed for lack of jurisdiction.

Dismissed.