Daniel Dean BOSSHART,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C1–88–669.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Frank R. Faulhaber, Roseville, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J., and PARKER and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellant's driver's license was revoked pursuant to the implied consent law. He petitioned for judicial review, and the trial court sustained the revocation. Appellant brought a motion for a new trial based upon newly discovered evidence. The trial court denied the motion and appellant brings an appeal.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

In the late evening hours of November 16, 1987, appellant was at the Drawbridge Bar. At approximately 12:30 a.m., Thomas Behrends and Raymond Pierce saw a woman driving appellant's vehicle from the parking lot, with appellant in the passenger seat.

At approximately 2:15 a.m., Deputy Michel Wetzel received a telephone call at the sheriff's department from a woman reporting that appellant had knocked on her door, informing her that his automobile had stalled in her front yard, and asking her to help jump start it. She believed appellant was under the influence of alcohol, and also informed the deputy that appellant was accompanied by a woman. The residence is located at the junction of County Road 256 and Township Road T–354.

While responding to the call, Wetzel saw a woman, Debra Goskerson, walking northbound along County Road 256, approximately one mile from the site of the stalled vehicle. Wetzel, upon stopping her, found that she had accompanied appellant. Goskerson identified appellant as the driver of the stalled vehicle.

Upon arrival at the residence, Wetzel questioned appellant. The trial court found that on two occasions appellant admitted he was the driver of the vehicle. Appellant said he had been stalled for approximately 20 minutes. Appellant, however, testified that Goskerson drove him from the bar, that he fell asleep while she was driving, that Goskerson woke him up because the car was not operating, and that he then went to seek assistance. He testified that he repeatedly told the officer that he had not been driving.

While talking with appellant, Wetzel noticed various signs of intoxication. Wetzel placed appellant under arrest for DWI and transported him to the Little Falls Police Department. Appellant refused testing pursuant to the implied consent law. Appellant's driver's license was revoked for refusal and he petitioned for judicial review. The trial court found appellant's testimony regarding actual driving less credible than the deputy's testimony as to appel-

lant's admissions that he was the driver. The trial court sustained revocation on February 10, 1988.

On February 25, 1988, the Commissioner of Public Safety served appellant with a copy of the court's order, thus limiting the time for appeal. On March 10, 1988, appellant served a notice of motion and motion for a new trial, based on newly discovered evidence. Appellant's attorney asserted in an affidavit in support of the motion that in the accompanying criminal matter, Debra Goskerson initially refused to testify based on her right against self-incrimination, but then did testify after she was granted immunity. She testified that she was with appellant from the time they left the Drawbridge Bar until she left the stalled automobile to seek help, that she was the driver, and that at no time did appellant drive or operate the vehicle in her presence. The attorney stated that he did not call Goskerson to testify at the implied consent proceeding because she said she would refuse to testify and claim her right against self-incrimination, if called. The motion was heard on March 17, 1988.

On March 24, 1988, appellant served a notice of appeal, in which he sought review of the February 10, 1988 order and also stated:

> Further, Appellant has made a motion for a new trial and if such motion is denied, appeal from such order may be taken under Rule 103.03(d).

On March 29, 1988, the trial court issued an order denying the motion for a new trial.

The Commissioner moved at Special Term of this court to dismiss the appeal, because appellant argued on appeal that a new trial is required, but failed to appeal from the order denying a new trial. This court held that appellant properly appealed from the order sustaining the revocation, and that the Commissioner failed to establish dismissal was appropriate.

## ISSUES

1. May an appeal be taken in an implied consent proceeding from an order denying

a motion for a new trial which was based upon a claim of newly discovered evidence?

2. Did the trial court abuse its discretion when it denied appellant's motion for a new trial?

### ANALYSIS

### I.

Appellant appealed from the trial court order sustaining his driver's license revocation; the trial court then issued its order denying appellant's motion for a new trial. Appellant argues on appeal that the trial court should have granted his motion for a new trial. He does not raise issues as to the order sustaining the revocation.

The Commissioner asserts that the appellant did not in fact appeal from the order denying the motion for a new trial, and that this appeal is therefore not properly before this court. Generally, a trial court loses jurisdiction to make decisions once an appeal is filed. *Evans v. Blesi*, 345 N.W.2d 775, 780 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. June 12, 1984). If this court did not consider the denial of the motion for a new trial, the matter would be pending before the trial court after the appeal is completed. Presumably, it would make the same decision, appellant could appeal again, and the matter would once again be before this court. Therefore, in the interests of justice and judicial economy, the issue will be addressed. *See* Minn. R.Civ.App.P. 103.04.

The Commissioner also argues that in an implied consent proceeding, an appeal may not be taken from an order denying a motion for a new trial. *See Knutson v. Commissioner of Public Safety*, 406 N.W. 2d 560, 562 (Minn.Ct.App.1987). *Knutson* addressed an order denying a motion for a new trial, in which the motion was in the nature of a motion to vacate or amend an appealable order in a special proceeding; an order denying such a motion is not appealable. *Id. Knutson* stands for the proposition that an appeal should be taken directly from the order sustaining or rescinding the revocation, and that a motion for a new trial is not required to preserve

for review issues raised at the implied consent proceeding. *Id.* This case is distinguishable from *Knutson* because here the motion was based mainly on an assertion of newly discovered evidence, which could not have been raised at the implied consent proceeding. Under these circumstances, an appeal from the order denying a motion for a new trial is proper.

### II.

A new trial may be granted on the basis of: "Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial." Minn.R.Civ.P. 59.01(4). Granting a new trial on the ground of newly discovered evidence is largely addressed to the discretion of the trial court. *Hertz v. Hertz*, 304 Minn. 144, 146, 229 N.W.2d 42, 44 (1975). The inquiry of the appellate court is not whether a new trial might properly have been granted, but whether refusal involved violation of a clear legal right or manifest abuse of judicial discretion. *Id.* Further, cumulative evidence alone does not justify a new trial, unless the newly discovered evidence makes it clear a grave injustice has been done. *Id.*

The granting of a new trial based on newly discovered evidence requires a showing that the evidence could not have been discovered through the exercise of due diligence before the trial; that at the time of trial the evidence was not within petitioner's or his counsel's knowledge; that the evidence is not impeaching, cumulative, or doubtful; and that it is likely to produce a different result.

*Vikse v. Flaby*, 316 N.W.2d 276, 284 (Minn. 1982).

In *Wurdemann v. Hjelm*, 257 Minn. 450, 465–66, 102 N.W.2d 811, 821, *cert. denied*, 364 U.S. 894, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960), plaintiffs moved for a new trial on the basis that a witness had subsequently been convicted of making false statements in applications for loans to the Federal Housing Authority. The trial court denied the motion, stating that the court was cognizant of some of the criminal proceedings at the time of trial, and its conclusion was reached upon review of all the evidence; it declined to change its position because of

the conviction. The supreme court, affirming the trial court, stated:

It should be emphasized that this was not a jury trial and that the judge was, therefore, in a peculiarly good position to determine the probable effect of the newly discovered evidence on the findings of fact. Considering the nature of the new evidence offered and the careful consideration given to it by the district court, we cannot conclude that the court's refusal was a denial of a legal right or a manifest abuse of judicial discretion.

*Id.* at 466, 102 N.W.2d at 821.

Appellant here claims that Goskerson's testimony is likely to affect the outcome of the proceeding, because it goes to the issue of whether appellant was driving, weakens the officer's testimony, explains matters referred to by the trial court and corroborates appellant's testimony. He asserts that this testimony could not have been produced at trial, because Goskerson would not testify voluntarily and appellant could not compel her to testify.

The Commissioner argues that this evidence was not newly discovered, because counsel was aware of the identity of the proposed witness and the substance of the testimony. In addition, he asserts this evidence is merely cumulative and the trial court had already resolved credibility issues against appellant.

As in *Wurdemann,* the trial court here heard and decided the facts initially, and thus was in a "peculiarly good" position to determine the probable effect of the "newly discovered" evidence. Further, it is questionable whether this truly can be considered "newly discovered." Finally, the evidence is cumulative. Under these facts, the trial court did not abuse its discretion in denying the motion for a new trial.

## DECISION

The order of the trial court denying the motion for a new trial is affirmed.

Affirmed.