**Earl W. SCHILTZ, Petitioner, Respondent,**

*v.*

**CITY OF DULUTH, Minnesota, Appellant.**

**No. C3–89–53.**

Court of Appeals of Minnesota.

Feb. 14, 1989.

Review Granted March 29, 1989.

Joseph J. Roby, Jr., Duluth, for petitioner, respondent.

Bryan F. Brown, Deputy City Atty., Duluth, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J. and LANSING and RANDALL, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The Veterans' Preference Act, Minn.Stat. Chapter 197, provides that veterans cannot be removed from public employment except for incompetency or misconduct shown after a hearing. Respondent Earl Schiltz is a veteran who was discharged from employment by the City of Duluth in April 1981. Schiltz was not notified of his right to a veterans' hearing until 1985, when he promptly requested such a hearing. The city denied the request for a hearing and Schiltz commenced this action for mandamus under Minn.Stat. § 197.46 (1986).

By order dated October 20, 1988 the trial court granted Schiltz' petition for mandamus, awarding Schiltz reinstatement and back pay. On October 24 Schiltz served the city with notice of filing of the October 20 order. On November 7 the city moved for a new trial. The motion was denied by order dated December 2.

On January 6, 1989 the city filed this appeal, seeking review of the December 2 order. By order dated January 17 this court questioned the appealability of the December 2 order and directed the parties to file memoranda addressing the issue.

### DECISION

Mandamus actions are considered "special proceedings," and the October 20 order was appealable under Minn.R.Civ.App.P. 103.03(g) (final order in a special proceed-

ing). *See Moritz v. Town of Burns,* 292 Minn. 165, 166, n. 1, 193 N.W.2d 620, 621 n. 1 (1972). The city has not appealed this order, and the time to appeal expired before this appeal was filed. *See* Minn.R.Civ. App.P. 104.01, 104.03.

 The city has instead appealed the December 2 order denying its motion for a new trial. An order denying a motion for a new trial is normally appealable under Minn.R.Civ.App.P. 103.03(d). A motion for a new trial is usually required to preserve issues for appeal, and is designed to give the trial court the opportunity to correct errors made in the trial of the lawsuit. *See Sauter v. Wasemiller,* 389 N.W.2d 200, 201–02 (Minn.1986). The court's scope of review on appeal from an order denying a motion for new trial is limited to review of errors identified in the motion. *See Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973).

 Generally, in "special proceedings" a motion for "new trial" is not required to preserve issues for appellate review. *See Knutson v. Commissioner of Public Safety,* 406 N.W.2d 560, 562 (Minn. Ct.App.1987). In *Knutson,* this court held that a motion for a new trial following a special proceeding is akin to a motion to amend or vacate an appealable order; and an order denying such a motion is not appealable. *See id.* A timely appeal must be taken from the final order in the special proceeding, and the time to appeal cannot be extended by any subsequent order. *See id.*

 A mandamus action is also a "special proceeding" and although appellant's motion was evidently labeled as a motion for new trial, it was in reality a motion to set aside or vacate the earlier order, it is not appealable, and it does not extend the time to appeal. *See id.* The city should have timely appealed the October 20 order.

 Similarly, post dissolution modification proceedings are "special proceedings," and final orders arising out of those proceedings are immediately appealable under Minn.R.Civ.App.P. 103.03(g). *Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985). In post-dissolution proceedings, a motion for a new trial is also unnecessary to preserve issues for appeal and orders denying such motions are not appealable. *See generally Erickson v. Erickson,* 430 N.W.2d 499, 500 n. 1 (Minn.Ct.App.1988) (few post-dissolution proceedings constitute a trial).

 Since the order for writ of mandamus was immediately appealable, there was no need for a motion for a new trial and the proper appeal was from the October 20 order. We caution the bar that in "special proceedings" such as implied consent proceedings, post-dissolution modification proceedings, and mandamus actions, a timely appeal must be taken from the final order granting or denying the requested relief. Post-trial motions in these proceedings are not required to preserve issues for appeal and do not extend the time to appeal the original order, and orders denying such motions are not appealable.

Appeal dismissed.