In the Matter of James Lloyd JOST, Mentally Ill and Dangerous to the Public.

No. C4–88–2349.

Court of Appeals of Minnesota.

March 21, 1989.
Review Granted June 9, 1989.

Paul Widick, St. Cloud, for appellant Jost.

Roger S. Van Heel, Stearns County Atty., Kathryn E. Peterson, Asst. Stearns County Atty., St. Cloud.

Considered and decided by WOZNIAK, C.J., and FOLEY and FORSBERG, JJ., without oral argument.

## OPINION

WOZNIAK, Chief Judge.

Appellant James Lloyd Jost appeals from an order dated September 13, 1988, denying his motion for amended findings or, in the alternative, for a new trial, claiming that there is insufficient evidence to support the trial court's finding of dangerousness and that commitment to the Minnesota Security Hospital is not the least restrictive alternative. We dismiss the appeal as taken from a nonappealable order.

## FACTS

By judgment entered December 4, 1987, Jost was found to be mentally ill and dangerous to the public and was committed to the Minnesota Security Hospital at St. Peter, Minnesota. On February 24, 1988, a review hearing was held. On April 20, 1988, an order and judgment were entered which determined that Jost continues to be mentally ill and dangerous and which continued his commitment for an indeterminate period.

No appeal was taken from the decision to continue Jost's commitment. On May 4, 1988, Jost moved for amended findings or, in the alternative, for a new trial. By order dated September 13, 1988, the motions were denied. Jost appeals from the September 13, 1988 order. This court questioned jurisdiction over the appeal.

## ISSUE

Is the September 13, 1988 order appealable?

## ANALYSIS

Minn.Stat. § 253B.23, subd. 7 (1988) authorizes an aggrieved party to appeal "from any order entered under this chapter [the Commitment Act] as in other civil cases." The April 20, 1988 order and judgment, which found Jost continues to be mentally ill and dangerous and which continued his commitment, were appealable pursuant to Minn.Stat. § 253B.23, subd. 7. *See generally In re Schueller,* 426 N.W.2d 241 (Minn.Ct.App.1988). Instead of appealing from the April 20 order and judgment, Jost appealed from the September 13 order denying his alternative motions for amended findings or a new trial.

Generally, in civil actions where there has been an actual trial, a party must move for a new trial to preserve issues for appeal and to provide the trial court an opportunity to correct alleged errors. *Sauter v. Wasemiller,* 389 N.W.2d 200, 201–02 (Minn.1986). The Rules of Civil Appellate Procedure provide that an order denying a motion for a new trial is appealable. *See* Minn.R.Civ.App.P. 103.03(d). However, in "special proceedings," such as mandamus actions, unlawful detainer actions, implied consent proceedings, and post-dissolution proceedings, a motion for a new trial is unnecessary to preserve issues for appeal and an order denying such a motion is not appealable. *See Schiltz v. City of Duluth,* 435 N.W.2d 625 (Minn.Ct.App.1989); *Tonkaway Limited Partnership v. McLain,* 433

N.W.2d 443 (Minn.Ct.App.1988); *Knutson v. Commissioner of Public Safety*, 406 N.W.2d 560 (Minn.Ct.App.1987); *Montpetit v. Commissioner of Public Safety*, 392 N.W.2d 663, 665–66 n. 1 (Minn.Ct.App. 1986). The proper appeal is from the final decision, order, or judgment denying the requested relief. *Id.; see* Minn.R.Civ.App. P. 103.03(g) (final order, decision, or judgment affecting a substantial right made in a special proceeding is appealable).

■ A motion for a new trial in a "special proceeding" is analogous to a motion to vacate or amend the final decision and such orders are generally not appealable. *Knutson*, 406 N.W.2d at 562; *City of Chaska v. Chaska Township*, 271 Minn. 139, 143, 135 N.W.2d 195, 198 (1965); *Kolb v. City of Minneapolis*, 229 Minn. 483, 487, 40 N.W.2d 619, 621 (1949). In addition, some "special proceedings" have few of the trademarks of a trial and are essentially motion hearings on documentary evidence. *See Erickson v. Erickson*, 430 N.W.2d 499, 500 n. 1 (Minn.Ct.App.1988) (few post-dissolution proceedings constitute a trial). Where there was no trial, a motion for a new trial is an "anomaly," and an order denying the motion is not appealable. *Parson v. Argue*, 344 N.W.2d 431 (Minn.Ct. App.1984).

In "special proceedings," there are often strong policy interests or express statutory authority which require prompt resolution of the matter. *Knutson*, 406 N.W.2d at 562–63 (implied consent statute provides a summary, speedy proceeding to challenge the revocation of a driver's license). If parties were required to file post-proceeding motions to preserve issues for appeal and were permitted to appeal from orders denying those motions, the appeal period would, in effect, be extended, and resolution of the matter would be delayed. *Id.* at 563.

Generally, a "special proceeding" is "created by a specific statute that prescribes a particular right or remedy, and provides a procedure that must be followed to enforce that right or remedy." 3 E. Magnuson, D. Herr & R. Haydock, *Minnesota Practice* § 103.12 at 44 (1985). A "special proceed-ing" has been broadly defined as a "generic term" for civil remedies that are not ordinary actions. *Anderson v. Langula*, 180 Minn. 250, 251, 230 N.W. 645, 645 (1930). Some examples of special proceedings created by statute are probate matters, election contests, and garnishment proceedings. *Minnesota Practice* § 103.12 at 44 (citing *Gabel v. Ferodowill*, 254 Minn. 324, 95 N.W.2d 101 (1959); *In re American Finnish Workers Society*, 246 Minn. 563, 76 N.W.2d 708 (1956); *In re Enger's Will*, 225 Minn. 229, 30 N.W.2d 694 (1948); *Johnson Motor Co. v. Cue*, 352 N.W.2d 114 (Minn.Ct.App.1984)).

■ A commitment action is also a "special proceeding" created by the Commitment Act. Appeal is limited to orders entered under the act. Minn.Stat. § 253B.23, subd. 7. Neither Chapter 253B nor the Commitment Act Rules authorize or require parties to move for a new trial or amended findings. The Commitment Act requires expedited appellate review, and requiring the filing of such motions would inevitably delay resolution and thwart the legislative intent favoring prompt resolution on the merits. *See* Minn.Stat. § 253B.23, subd. 7 (appeal to be heard within 45 days after filing).

Since a commitment proceeding is a "special proceeding" and the Commitment Act does not authorize an appeal from an order denying a motion for amended findings or a new trial, the proper appeal was from the final decision continuing commitment, which was the April 20, 1988 judgment. Minn.Stat. § 253B.23, subd. 7 (1988); *see also* Minn.R.Civ.App.P. 103.03(g), 104.01, 104.03. The parties concede the time to appeal that judgment has expired.

## DECISION

This appeal is dismissed as taken from a nonappealable order.

Appeal dismissed.