**In re the Marriage of Sarah Grace HUSO, Petitioner, Respondent,**

v.

**Mark Thomas HUSO, Appellant.**

**No. C4–90–2318.**

Court of Appeals of Minnesota.

Feb. 19, 1991.

---

1. The 1984 and 1988 versions of Minn.Stat. § 257.66, subd. 4, are identical.

Gregory J. Lange, Casey, Charpentier & Lange, Brainerd, for respondent.

Steven A. Hanson, Brainerd, for appellant.

Considered at Special Term and decided by WOZNIAK, C.J., and LANSING and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The parties were awarded joint legal and physical custody of their two children under a 1987 dissolution decree. The decree awarded respondent (wife) child support and temporary maintenance. In 1989, appellant moved to terminate his spousal maintenance and child support obligations because of substantially changed circumstances under Minn.Stat. § 518.64, subd. 2 (1988). Respondent filed cross-motions for full legal and physical custody under Minn. Stat. § 518.18 (1988) and an increase in child support, plus additional motions.

By order on July 27, 1990, the trial court refused to modify maintenance or child support, but granted respondent's motion for sole physical custody. On August 8, 1990, respondent served notice of filing of the July 27 order on appellant's attorney.

Appellant moved for amended findings of fact or a new trial. The trial court denied the motion by order on September 18, 1990. No appeal was taken from the July 27 order. On October 24, 1990 this appeal was taken from the September 18, 1990 order. We questioned jurisdiction and the parties submitted memoranda.

### DECISION

■ Modification proceedings brought pursuant to Minn.Stat. §§ 518.18 and 518. 64 (1990) are "special proceedings" within the meaning of Minn.R.Civ.App.P. 103. 03(g). *Angelos v. Angelos*, 367 N.W.2d 518, 520 (Minn.1985). Final *orders* denying or granting modification of custody, visitation, maintenance, and support are appealable as of right. *Id.*

Generally, in special proceedings, the proper appeal is from the original order or judgment granting or denying relief. Because a motion for a new trial is unnecessary to preserve issues for appeal, such a motion does not extend the time to file an appeal, and an order denying such a motion is not independently appealable. *See Tonkaway Ltd. Partnership v. McLain*, 433 N.W.2d 443 (Minn.App.1988) (order denying a new trial in unlawful detainer proceedings is not appealable); *Knutson v. Commissioner of Pub. Safety*, 406 N.W.2d 560 (Minn.App.1987) (order denying new trial in implied consent proceeding is not appealable).

However, where the legislature has indicated its intention that a special proceeding proceed as other civil cases, a motion for a new trial is authorized and an order denying a motion for new trial is appealable pursuant to Minn.R.Civ.App.P. 103.03(d). *In re Jost*, 449 N.W.2d 719 (Minn.1990) (appeal authorized from order denying a new trial in commitment proceedings where statute indicates appeal is taken "as in other civil cases"); *Schiltz v. City of Duluth*, 449 N.W.2d 439 (Minn.1990) (order denying new trial in mandamus action appealable where statute indicates matter is to be tried and appealed as in other civil cases).

Unlike the statutes governing commitment and mandamus proceedings, Minn. Stat. §§ 518.18 and 518.64 do not provide that these matters are to be tried or appealed as in other civil cases. Absent any indication of legislative intent that these matters are to proceed as other civil cases, we must hold that a motion for a new trial in post-decree modification proceedings under Minn.Stat. §§ 518.18 or 518.64 is not authorized, and an order denying such a motion is not appealable.

Our holding is consistent with this court's previous observation that a motion for a new trial is an anomaly where there has been no trial, and few post-decree proceedings will constitute a "trial." *Erickson v. Erickson*, 430 N.W.2d 499, 500 n. 1 (Minn.App.1988); *see also Johnson v. Johnson*, 439 N.W.2d 430 (Minn.App.1989) (contempt hearing on violation of dissolution decree is not a trial and order denying motion for a new trial is not appealable).

A timely appeal could have been taken from the July 27 order refusing to modify child support and spousal maintenance. This appeal was improperly taken from a non-appealable order denying a "new" trial. We cannot construe the appeal to be taken from the July 27 order because the time to appeal that order expired before this appeal was filed. *See* Minn.R.Civ.App.P. 104.01; 104.03. We must dismiss this appeal in its entirety.

Appeal dismissed.