Scott Wayne PAHLEN, Petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. CX–91–1345.

Court of Appeals of Minnesota.

March 17, 1992.

Jon K. Sannes, Erskine, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Ronald S. Latz, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and NORTON and AMUNDSON, JJ.

OPINION

AMUNDSON, Judge.

Appellant Scott Pahlen's driver's license was revoked pursuant to the implied con-

sent law. He petitioned for judicial review, the trial court sustained the revocation, and appellant brought a new trial motion. The trial court denied the motion. Pahlen appeals from the order denying the new trial.

### FACTS

In the early morning of February 28, 1991, appellant was arrested for DWI. After the officer read the implied consent advisory, appellant attempted to take a breath test. He did not provide an adequate sample.

Appellant's driver's license was revoked for refusing testing pursuant to the implied consent law and he petitioned for judicial review. He raised the issues whether he was properly informed of his rights and the consequences of taking or refusing the test, whether the advisory was unconstitutionally vague, and whether he refused to permit testing. The trial court sustained the revocation. Appellant then moved for a new trial, which the trial court denied.

Pahlen appealed from the trial court order denying his motion. The Commissioner moved to dismiss the appeal, contending the appeal was taken improperly from the order denying appellant's new trial motion. Appellant moved this court for temporary reinstatement of his license pending resolution of the appeal; later he moved to expedite the decision and to waive the requirement he complete an out-patient treatment program.

### ISSUES

1. May an appeal be taken from an order denying a new trial motion in an implied consent proceeding?

2. Was appellant's right to counsel violated under *Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828 (Minn.1991)?

3. Were appellant's due process rights violated under *McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848 (Minn. 1991)?

### ANALYSIS

#### I.

 This appeal was taken from an order denying a new trial motion. The Com-

missioner moved to dismiss, relying upon *Knutson v. Commissioner of Pub. Safety*, 406 N.W.2d 560 (Minn.App.1987). In *Knutson*, this court held an appeal in an implied consent case, which is a special proceeding, must be taken within the 30–day period after service by the adverse party of written notice of filing of the order sustaining or rescinding the revocation. The court dismissed the appeal as being improperly taken from the order denying the motion for a new trial. *Id.* at 562–63.

Later, in *Schiltz v. City of Duluth*, 449 N.W.2d 439 (Minn.1990), the supreme court allowed an appeal from a new trial motion in a mandamus action, which is also a special proceeding, reasoning:

> [S]ince the legislature has indicated its intention that these matters are to proceed as other civil cases, a motion for a new trial in mandamus proceedings is authorized and appealable pursuant to Minn.R.Civ.App.P. 103.03(d). * * * We acknowledge by our holding today that while not all "special proceedings" carry with them the indicia of a trial, mandamus proceedings are so similar, both in practice and in principle, that it is reasonable for the aggrieved party to seek the same post-decisional relief.

*Id.* 449 N.W.2d at 441; *see also In re Jost*, 449 N.W.2d 719, 721 (Minn.1990) (where commitment act provides that a party may appeal from any order "as in other civil cases," post-decisional motion for new trial is authorized and timely appeal may be taken from denial of a new trial). *cf. Huso v. Huso*, 465 N.W.2d 719, 721 (Minn.App. 1991) (where statutes governing post-dissolution decree modification proceedings do not provide that matters are to proceed as in other civil cases, a new trial motion is not authorized).

The implied consent statute provides that judicial review shall be conducted according to the rules of civil procedure. Minn.Stat. § 169.123, subd. 5c (1990). At these hearings, the district court takes evidence and makes findings of fact and conclusions of

law. *See, e.g., Appelgate v. Commissioner of Pub. Safety,* 402 N.W.2d 106 (Minn. 1987). "[A]ny party aggrieved by the decision of the reviewing court may appeal the decision as provided in the rules of appellate procedure." Minn.Stat. § 169.123, subd. 7 (1990). Although *Knutson* is not cited in *Schiltz* and *Jost, Knutson* is implicitly overruled by their holdings. Therefore an appeal may be taken from an order denying a new trial motion in an implied consent proceeding. To the extent that *Knutson* holds otherwise, it is no longer controlling authority.

## II.

■ Appellant contends he properly raised the right-to-counsel issue below and *Friedman* should be applied retroactively. In *Friedman v. Commissioner of Pub. Safety,* 473 N.W.2d 828 (Minn.1991), the supreme court held that "under the right-to-counsel clause in article I, section 6 of the Minnesota Constitution, an individual has the right, upon request, to a reasonable opportunity to obtain legal advice before deciding whether to submit to chemical testing." *Id.* at 835. In the order on the petition for rehearing in *Friedman,* the supreme court further clarified retroactive application:

> *Friedman* thus applies retroactively only to cases pending on the date of the *Friedman* decision where the driver properly and in a timely fashion requested an opportunity to consult with an attorney, the request was denied, and the driver properly challenged the denial in district court as a violation of the right to counsel under the Minnesota Constitution. Amendments to pleadings that purport to raise the right-to-counsel issue will not relate back to the original filing date as relation back would be inconsistent with *McDonnell*'s limitation on *Friedman*'s retroactive application. Only if the issue of right to counsel under the Minnesota Constitution had actually been raised in district court prior to June 7, 1991, will *Friedman* apply retroactively.

*Id.* 473 N.W.2d at 838.

Appellant did not raise the state constitutional right-to-counsel issue in his petition for judicial review. He also did not raise the right-to-counsel issue with specificity at the hearing. Finally, appellant does not claim that he made a request for counsel at the time of the test request. Under these circumstances, *Friedman* does not apply retroactively.

## III.

■ Appellant raised a due process vagueness constitutional claim below. In *McDonnell v. Commissioner of Pub. Safety,* 473 N.W.2d 848 (Minn.1991), the supreme court held a first-time offender's due process rights were violated because the statute permitted police to threaten criminal charges the state was not authorized to impose. *Id.* at 855. Appellant, however, had prior license revocations. As the trial court found, this court rejected the claims that the advisory language was unconstitutionally vague to those who had prior license revocations. *See McDonnell v. Commissioner of Pub. Safety,* 460 N.W.2d 363, 371–72 (Minn.App.1990), *rev'd in part on other grounds,* 473 N.W.2d 848 (Minn.1991).

■ Finally, we address appellant's motions to this court. First, appellant's motion for reinstatement of his driver's license pending disposition of this appeal is denied. Second, the issue whether appellant should be required to complete an outpatient treatment program is raised for the first time on appeal. It is not properly before this court, and we do not address the issue. *See Thayer v. American Fin. Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn. 1982). Finally, resolution of this appeal was expedited upon receipt of appellant's request to do so.

## DECISION

The trial court order sustaining the revocation of appellant's driver's license is affirmed.

Affirmed.