**Carrie Juanita WELCH, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. CX–95–1855.

Court of Appeals of Minnesota.

April 9, 1996.

Jeffrey B. Ring, Jeffrey B. Ring & Associates, Minneapolis, for appellant.

Hubert H. Humphrey, III, Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by SCHUMACHER, P.J., PARKER and DAVIES, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Carrie Juanita Welch's driver's license was revoked pursuant to the implied consent law. She petitioned for judicial review. The trial court did not make specific findings in support of the original order sustaining the revocation. This appeal is taken from the trial court's subsequent order making additional findings and denying Welch's request for reconsideration. At this court's request, the parties submitted memoranda on whether the posttrial order was appealable and, if not, whether the appeal was taken within the time to appeal the original order.

## FACTS

Welch was arrested for DWI in the early morning of March 30, 1995. After the officer read the implied consent advisory to Welch, she indicated she wanted to contact an attorney. Welch left a message with the attorney's answering service. When the attorney had not called 30 minutes later, the officer told Welch her time was up and asked if she would take a breath test. Welch did not provide an adequate sample.

Welch's driver's license was revoked for refusing testing pursuant to the implied consent law. Welch petitioned for judicial review, arguing she was not afforded a reasonable opportunity to consult with counsel before submitting to testing. By order filed July 14, 1995, the trial court sustained the revocation. Respondent Commissioner of Public Safety served notice of filing of the July 14, 1995, order on Welch's counsel by mail on July 20, 1995.

On July 20, 1995, Welch served a motion requesting issuance of an amended order including specific findings of fact and conclusions of law, and granting other and further relief as may be just and proper. The motion papers do not cite a basis for the motion under the rules of civil procedure. At the July 27, 1995, motion hearing, the trial court stated that the motion was being treated as a motion to reconsider. On August 14, 1995, the trial court's second order sustaining the revocation of Welch's driving privileges was filed. The August 14, 1995, order contained specific findings of fact and conclusions of law. This appeal from the August 14, 1995, order was served and filed by mail on August 28, 1995.

## ISSUE

Must this appeal be dismissed because it was not taken within the time to appeal the original July 14, 1995, revocation order?

## ANALYSIS

■ Any party aggrieved by the decision of the reviewing court in an implied consent proceeding may appeal the decision as provided in the rules of appellate procedure. Minn.Stat. § 169.123, subd. 7 (1994). An implied consent proceeding is a "special pro-

ceeding," and an appeal from an order rescinding or sustaining a revocation is taken under Minn.R.Civ.App.P. 103.03(g). *Knutson v. Commissioner of Pub. Safety,* 406 N.W.2d 560, 561–62 (Minn.App.1987), *overruled in part on other grounds by Pahlen v. Commissioner of Pub. Safety,* 482 N.W.2d 493 (Minn.App.1992).

The time to appeal the July 14, 1995, order expired on August 22, 1995, which was 33 days after respondent served notice of filing of the order by mail on July 20, 1995. *See* Minn.R.Civ.App.P. 104.01, 104.03, 125.03. This appeal was served and filed by mail on August 28, 1995. Welch concedes the appeal was not taken within the time to appeal the July 14, 1995, order.

■ The rules of civil procedure apply to implied consent proceedings. *See* Minn.Stat. § 169.123, subd. 5c (1994). Welch argues the July 14, 1995, revocation order was not truly "final," because it lacked specific findings of fact and conclusions of law. *See* Minn. R.Civ.P. 52.01 (in all actions tried upon facts without jury, court shall find facts specially and state separately its conclusions of law thereon).

■ A remand may be required if the trial court fails to make adequate findings. *See Trombley v. Commissioner of Pub. Safety,* 375 N.W.2d 97, 99 (Minn.App.1985) (where there is conflicting testimony and several possible bases for trial court's decision, trial court must make findings of fact). A remand is unnecessary, however, when we are able to infer the findings from the trial court's conclusions. *State v. Kvam,* 336 N.W.2d 525, 528 (Minn.1983). Regardless of whether a remand may be required, the trial court's failure to make specific findings does not affect the appealability of the order sustaining or rescinding the revocation. The July 14, 1995, revocation order was final and appealable.

■ The nature of Welch's posttrial motion is unclear. The record shows it was treated as a motion for "reconsideration." But there is no express provision in the rules of civil procedure authorizing a motion for "reconsideration."

■■ An order denying a motion for a new trial in an implied consent proceeding is appealable. *See Pahlen*, 482 N.W.2d at 495. We cannot construe Welch's motion as a motion for a new trial, because it does not request a new trial or cite any basis for a new trial under Minn.R.Civ.P. 59.01. *See Stockdale Bancorporation v. Kjellberg*, 479 N.W.2d 438, 439 (Minn.App.1992) (new trial motion must state explicitly basis under Minn.R.Civ.P. 59.01 for new trial and identify specific errors to preserve issues for appellate review).

■ Welch's motion could be construed as a motion for amended findings. *See* Minn. R.Civ.P. 52.02 (upon motion of party, court may amend its findings or make additional findings). But the August 14, 1995, order denying Welch's proposed findings is not independently appealable. *See State of Georgia ex rel. Brooks v. Braswell*, 474 N.W.2d 346, 349 n. 3 (Minn.1991) (order refusing to vacate appealable order is not appealable); *Kempf v. Kempf*, 287 Minn. 529, 529–30, 177 N.W.2d 40, 40 (1970) (order denying motion for amended findings is not appealable).

■ Generally, motions to vacate or amend do not extend the time to appeal the underlying order or judgment. *In re the Welfare of R.M.*, 436 N.W.2d 807, 808 (Minn. App.1989), *review denied* (Minn. Apr. 24, 1989). Certain motions have the effect of extending the time to appeal only in criminal proceedings and marital dissolution actions. *See* Minn. R.Crim. P. 28.02, subd. 4(3); Minn. R. Civ.App. P. 104.04, subd. 2. Welch's motion did not extend the time to appeal the July 14, 1995, order.

We lack jurisdiction to consider this appeal because the August 14, 1995, order is not appealable and the time to appeal the July 14, 1995, order expired before this appeal was filed. *See* Minn. R. Civ.App. P. 126.02 (appellate court may not extend time to file notice of appeal); *Township of Honner v. Redwood County*, 518 N.W.2d 639, 641 (Minn.App.1994) (court of appeals lacks jurisdiction to consider untimely appeal), *review denied* (Minn. Sept. 16, 1994).

## DECISION

This appeal is dismissed for lack of jurisdiction.

**Appeal dismissed.**