*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2067**

State of Minnesota,
Respondent,

vs.

Jarrod Dwayne Miller,
Appellant.

**Filed September 8, 2014
Remanded
Kirk, Judge**

Hennepin County District Court
File No. 27-CR-12-26380

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; and

Liz Kramer, Sharon R. Markowitz, Special Assistant Public Defenders, Stinson Leonard Street LLP, Minneapolis, Minnesota (for appellant)

        Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

On appeal from his conviction of prohibited possession of a firearm, appellant argues that the district court erred by denying his motion to suppress evidence discovered during a *Terry* stop and that his conviction must therefore be reversed. We remand.

## FACTS

On the night of August 12, 2012, Minneapolis Police responded to a 911 call about a person with a gun on a Metro Transit bus. The record includes no direct evidence of the content of the 911 call and no evidence of any kind regarding the caller's identity, the phone number he called from, or any data the 911 system may have captured. Officers later testified that the message they received from dispatch indicated that (1) the caller had called after getting off the number 19 bus at a specific stop; (2) the caller described the suspect as a black male wearing a blue-and-white baseball cap and a blue-checkered shirt; (3) the suspect had a gun and was heard talking about selling guns and robbing people in North Minneapolis; and (4) the caller had refused to give his location for fear of what might happen if his involvement was known.

Police promptly intercepted the number 19 bus, but an officer who walked the length of the bus while looking through the windows found no one matching the suspect's description. Other officers boarded the bus with guns drawn and ordered the passengers to raise their hands. They did not see anyone matching the description either, but "keyed in" on appellant Jarrod Dwayne Miller because he did not comply with the order. Appellant, who is black, was wearing a white baseball cap with purple stripes and

2

a grey shirt with no pattern. The officer outside the bus saw appellant remove a gun from his waistband and drop it on the floor. He alerted the officers inside, who charged forward and took appellant into custody as the other passengers ran from the bus. Officers found the gun on the floor under a seat, photographed it, and recovered it.

Respondent State of Minnesota charged appellant, who has a previous felony conviction, with one count of prohibited possession of a firearm. Appellant moved to suppress evidence, and the district court held a *Rasmussen* hearing, during which officers testified to the above facts, and ordered the parties to submit briefs. After the briefs were submitted, the district court denied appellant's suppression motion, concluding "that the police had a reasonable, articulable suspicion that criminal activity was afoot so as to justify the brief, investigatory stop of the bus." The district court held a jury trial, and the jury returned a guilty verdict. The district court adjudicated guilt and sentenced appellant. This appeal from the denial of the suppression motion follows.

## D E C I S I O N

When the district court's findings are not sufficient to support our review of the issues we must decide, we may remand for additional findings. *Welch v. Comm'r of Pub. Safety*, 545 N.W.2d 692, 694 (Minn. App. 1996). But remand may not be necessary if we can infer the necessary factual findings from the district court's conclusions. *State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983).

Here, we are asked to decide whether the district court erred by denying appellant's suppression motion. That decision necessarily includes review of the validity of the *Terry* stop. Addressing the parties' appellate arguments requires a finding as to

3

whether the 911 call was anonymous.  The parties did not ask the district court to address that question, either at the *Rasmussen* hearing or in their memoranda, and the district court made no finding on that point.  Although the district court concluded that the officers did have reasonable, articulable suspicion, this is not a case where we can infer the necessary findings from the district court's conclusion.  We therefore remand this case to the district court with direction to conduct a hearing, including testimony if necessary, and decide (1) whether the 911 call was anonymous; (2) whether police sufficiently corroborated the information provided before conducting the *Terry* stop; and (3) whether, under the totality of the circumstances, the tip and any corroboration that may have occurred were sufficient to establish reasonable, articulable suspicion that criminal activity was afoot and that appellant was involved.

**Remanded.**