**Clark Albert BAILEY, Petitioner, Appellant,**

v.

**Arthur E. NOOT, etc., Respondent.**

**No. 81–670.**

Supreme Court of Minnesota.

Aug. 31, 1982.

Lawrence Hammerling, Legal Assistance to Minnesota Prisoners, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Alan T. Held, Sp. Asst. Atty. Gen., St. Paul, for respondent.

KELLEY, Justice.

Appellant Clark Albert Bailey appeals from an order of a three-judge appellate panel of the Hennepin County District Court affirming the Commissioner of Public Welfare's order transferring him from the Minnesota Security Hospital to the Minnesota State Prison. We are called upon to decide whether the Commissioner of Public Welfare (Commissioner) has statutory authority to order transfer of a convicted criminal patient who has been committed, after conviction of a crime, to the security hospital by an order of the probate court made pursuant to Minn.Stat. § 526.09 *et seq.*, finding him to be a psychopathic personality. We conclude the Commissioner does not have the authority without first returning the patient to the sentencing court for disposition and, accordingly, we reverse.

In 1977, appellant committed a number of crimes in Minnesota and Iowa involving the kidnapping, sexual abuse and murder of a 13-year-old girl. Following his plea of guilty in Minnesota to criminal sexual conduct in the first degree and kidnapping, he was sentenced by the Hennepin County District Court to concurrent 20 and 40 year terms of imprisonment. The sentences were stayed, but the district court directed the probate court to obtain a psychiatric examination of appellant.[1] The probate court committed appellant to the Minnesota Security Hospital as a psychopathic personality. Following a hearing in 1979 before a special review board pursuant to Minn.Stat. § 253A.16, the Commissioner issued an or-

---

1. In the sentencing order, the judge indicated that if appellant was found to be "mentally ill and dangerous" or found to be a "psychopathic personality * * * in need of inpatient hospital-ization care and treatment he may be committed directly to the appropriate institution by the Probate Court without further action by or referral to this Court."

der transferring appellant to the Department of Corrections to serve his prison sentence at the state prison. The transfer was stayed because appellant was extradicted to the State of Iowa to face murder charges arising out of the same 1977 incident.[2] After appellant had been returned from Iowa, he appealed the 1979 transfer order to a three-judge probate court appeals panel. After hearing the evidence in the case, the panel decided it did not have jurisdiction over the transfer issue.[3] Appellant then appealed to the district court appeals panel, which upheld the Commissioner's transfer order.[4]

■ 1. Appellant initially contends that there exists no statutory authority granting to the Commissioner the power to transfer a patient who is a convicted criminal but who has been committed by the probate court after a finding he is a psychopathic personality from the Commissioner of Public Welfare to the Commissioner of Corrections.[5]

Minn.Stat. § 253A.14 (1980)[6] authorizes the Commissioner to transfer patients who have been committed by a probate court. Patients who have been found by the court to be a psychopathic personality may only be transferred out of the security hospital after a recommendation of the special review board. Appellant contends that the Commissioner's authority is limited by subdivision 1 of section 253A.14 to a transfer to an institution under the Commissioner's authority, and that since the prison is not an institution under the Commissioner's authority, a transfer by the Commissioner from the security hospital to the prison is unauthorized. We agree that authority to transfer to the prison cannot be found in section 253A.14. The predecessor statute to section 253A.14, Minn.Stat. § 525.753, subd. 3 (1965), granted the Commissioner authority to transfer a patient with a psychopathic personality "to any other state institution." By limiting the Commissioner's authority to transfer a psychopathic personality patient to an institution "under his jurisdiction," the legislature has precluded appellant's transfer to the prison under section 253A.14.

However, the Commissioner contends that Minn.Stat. § 246.14 (1980) gave him authority to transfer appellant.[7] We are of

2. In Iowa, Bailey pleaded guilty to second-degree murder and was sentenced to serve 40 years concurrently with his Minnesota sentence.

3. Minn.Stat. § 253A.15, subd. 2(a) (1980) only authorizes the probate court appeals panel to review discharges, not transfers.

4. Following that determination, appellant was transferred to the prison at Stillwater and, later, to the correctional facility at St. Cloud.

5. To decide this limited issue, it is unnecessary to review the extensive evidence presented to the special review board in 1979 resulting in its recommendation to the Commissioner that appellant be transferred from the security hospital to the state prison, nor is it necessary to determine whether the evidence justified the Commissioner's 1979 order transferring appellant.

6. Minn.Stat. § 253A.14 (1980) provides, insofar as material to this decision:

Subdivision 1. The commissioner may transfer any patient who is committed by probate court as mentally ill, mentally deficient, or inebriate from one state hospital or institution to any other hospital or other in-

stitution under his jurisdiction which is capable of providing such patient proper care and treatment, unless such patient was found by the committing court to be dangerous to the public or to have a psychopathic personality.
* * *
Subd. 2. Persons who have been found by the committing court to be dangerous to the public or a psychopathic personality shall not be transferred out of the Minnesota Security Hospital unless it appears to the satisfaction of the commissioner, after a hearing before and a recommendation by the special review board, appointed and acting under and pursuant to section 253A.16 that such transfer is appropriate.

7. Minn.Stat. § 246.14 (1980) provides in part:

The commissioner of public welfare may use available space in any institution under his jurisdiction, or in any institution under the jurisdiction of another department or agency of the state in which space is proffered him, by executive or legislative action, for the care and custody of persons, patients, or inmates of the institutions under his exclusive control for whom other, more suitable, space is not available.

the view that this statute does not give the Commissioner authority in this case to transfer appellant to the prison. This statute merely authorizes the use of space by the Commissioner which has been proffered to him by legislative or executive action for the care and custody of persons for whom other, more suitable, space is unavailable. The statute itself is labeled: "Use of Space in Institutions." Respondent argues, however, that the "no room in a more suitable facility" test was satisfied when the special review board and the district court panel found that prison was a more suitable facility for appellant than the security hospital. While the matter is not completely free from doubt, we conclude that it was the intention of the legislature to restrict respondent's transfer authority to only those institutions and facilities under his jurisdiction or to space in any other institution of the state which has been designated to be in his domain, either by the legislature or by the executive branch. The obvious purpose of the statute, as stated not only in the title but in the text as well, contemplates that even after a section 246.14 transfer the patient would continue to be under the jurisdiction of the Commissioner. However, should the patient be transferred to the prison where space has not been designated by the legislature or the executive branch for the care and custody of patients committed to the Commissioner, the patient would come under the jurisdiction of the Commissioner of Corrections. We find no statutory authority authorizing this transfer of jurisdiction.

█ The proper procedure the Commissioner should have followed, after receiving and concurring in the recommendation of the special review board, would have been for him to forward the same to the sentencing court for a determination by it whether the stay of execution of sentence should have been vacated and execution of the sentence ordered. Support for our conclusion is found in Minn.Stat. § 253A.15 (1980).[8] That statute admittedly relates to procedures to be followed when discharge from a hospital under the jurisdiction of the Commissioner is contemplated. Nevertheless, it indicates the public policy enunciated by the legislature that disposition of persons charged with, or convicted of, crimes shall finally be determined by the court and not by the Commissioner.

█ 2. Appellant Bailey next claims that he has a "right to treatment" for his severe mental health and alcohol problem, and that his treatment needs cannot be met in prison. Adequate treatment is a constitutional right of a civilly-committed mental patient. *Wyatt v. Stickney*, 325 F.Supp. 781 (M.D.Ala.1971), *aff'd sub nom. Wyatt v. Aderholt*, 503 F.2d 1305 (5th Cir. 1974). The term "right to treatment" generally relates to mental patients who have not been adjudicated guilty of crimes but who have been committed to a mental institution against their will. *See* Note, *Developments in the Law—Civil Commitment of the Mentally Ill*, 87 Harv.L.Rev. 1190 (1974).

█ But even if the constitutional "right to treatment" is applicable in appellant's case, its assertion at this point is premature. Appellant has been convicted of two crimes with all the necessary due process requirements fulfilled. Appellant cannot at this point look to the future and predict he will not receive constitutionally-mandated treatment in prison. If applicable at all, the doctrine of "right to treatment" does not mandate that a patient receive the "best" treatment but only requires that he receive treatment "minimally adequate to provide him a reasonable opportunity to be cured or to improve his mental condition." *Eckerhart v. Hensley*, 475 F.Supp. 908, 915 (W.D.Mo.1979). Appellant cannot know at this time whether

---

8. Minn.Stat. § 253A.15, subd. 1 (1980) provides in part:

Where such patient was charged with or convicted of a criminal offense, he shall not be discharged except upon order of a court of competent jurisdiction. In cases where the patient was charged with, or convicted of, a criminal offense the hospital shall notify the court that the patient is no longer in need of institutional care and treatment and the court shall order appropriate disposition of the patient.

that test can be met while he is in prison, so assertion of this alleged "right to treatment" by a criminal in his position is premature.[9]

We reverse the decision of the Hennepin County District Court Appeals Panel and remand to the Commissioner. If the Commissioner finds the conditions still exist justifying the special review board's recommendation that appellant be removed from the security hospital and sent to prison to serve his sentence, the Commissioner should petition the sentencing judge for an order vacating the stay of execution of sentence. The sentencing judge shall determine whether the stay of execution of sentence shall be vacated in like manner as he would in any other petition to vacate a stay of execution of sentence.

Reversed and remanded.

**9.** The court is aware that appellant Bailey has been in penal institutions, both at Stillwater and St. Cloud, since shortly after the district court appeals panel decision. The court has likewise been made aware of the fact that a stay of execution of the sentence in another case where defendant was convicted of a felony has been vacated and the sentence in that case ordered to be executed.