## In the Matter of the Alleged Mental Illness of Manuel Tirso ROBLEDO.

### No. C4–83–923.

Supreme Court of Minnesota.

Dec. 16, 1983.

Allan R. Poncin, Minneapolis, for appellant.

Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

TODD, Justice.

Manuel Tirso Robledo appeals from the order of the Hennepin County District Court, Mental Health Division, directing his commitment for mental health treatment. We affirm under the particular circumstances of record.

There is no dispute that the trial court did not conduct a preliminary hearing within 72 hours after the issuance of a hold order as required by Minn.Stat. § 253B.07, subd. 7(a) (1982). Instead, the hearing was held approximately 78 hours after the hold order was issued. The trial court denied Robledo's motion to dismiss apparently

upon its conclusion that it had three full working days to hold the hearing.

In *State ex rel. Doe v. Madonna,* 295 N.W.2d 356, 365 (Minn.1980), we held that due process compels a preliminary probable cause hearing *at least* within 72 hours of initial confinement under a hold order unless the court extends the time upon evidence demonstrating that a hearing within the time would have a serious adverse effect upon the confined patient or that other emergency conditions exist. Neither of the exceptions is demonstrated by the record. As a result, it is necessary to re-emphasize the mandatory nature of the 72-hour time limitation. A failure to hold the preliminary hearing within that time period or grant a continuance, will require the release of proposed patient.

The circumstances of this matter are that Robledo has admitted that, at the time of the hearing, he was a "mentally ill person" as defined by Minn.Stat. § 253B.02, subd. 13 (1982) and that he has since been provisionally discharged. Therefore, under these unique circumstances, the matter has been rendered moot and the order for commitment shall stand.

Affirmed.