**In the Matter of the Alleged Psychopathic Personality of John Anton JOELSON.**

**No. C3–82–1521.**

Supreme Court of Minnesota.

March 2, 1984.

MacIntosh & Commers, Minneapolis, for Joelson.

Thomas L. Johnson, County Atty., Minneapolis, for Hennepin County.

Stephen Radtke, Shakopee, guardian.

**614**

TODD, Justice.

John Anton Joelson appeals from the order of a three-judge panel affirming a probate court order committing him to the Minnesota Security Hospital at St. Peter as a psychopathic personality. The probate court in an amended order also placed restrictions on his right to obtain passes from the hospital. We affirm in part, reverse in part and remand for further proceedings.

An underlying issue in this case is the scope of Joelson's constitutional right to receive treatment for his mental condition. Upon review of the record, we are satisfied that further evidence is required to permit a proper evaluation of this claim.

■ At the time the matter was before the three-judge panel for review, information was received that Joelson was entering a new program at the Security Hospital entitled "Extended Treatment of the Sexually Aggressive." In concluding that the Security Hospital would provide Joelson adequate treatment, the appeal panel relied in part on information about this program received from the county attorney. However, the program had not been considered at the commitment hearing. Joelson has had no opportunity to cross-examine witnesses about the program's merits. We hold that this additional information must be part of the record before this court can properly evaluate Joelson's right to treatment claims.

■ We have reviewed the record and affirm the holding that the evidence is clear and convincing that Joelson is a psychopathic personality within the meaning of Minn.Stat. § 526.09 (1982). No further evidence to support this finding is necessary.

■ We further hold that the April 4, 1983 order of the probate court seeking to impose conditions or restrictions on Joelson's ability to obtain a pass from the hospital is not enforceable. *See Hennepin County v. Levine,* 345 N.W.2d 217 (Minn.1984). The medical director, charged with a duty to make treatment decisions, has sole authority to issue passes to patients.

The matter is remanded to the probate court for an evidentiary hearing to be conducted pursuant to Minn.Stat. ch. 253B (1982). The court should consider the nature, and the scope of the new treatment program at the Security Hospital and the participation of Joelson in such program.

This court shall retain jurisdiction of this appeal. Upon completion of the hearing in the probate court and upon entry of findings of fact, conclusions of law and an appropriate order, the matter shall be reinstated in this court for further consideration. We find it unnecessary to rule on the other issues Joelson raises on appeal.