**In the Matter of the Alleged Mental Illness of: James D. KENNEDY.**

**No. C7–84–814.**

Court of Appeals of Minnesota.

July 3, 1984.

Fred A. Reiter, Minneapolis, for appellant.

Thomas Johnson, Hennepin County Atty., Douglas J. McClellan, Asst. County Atty., LaRae Bradley, Staff Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Kennedy appeals from the April 6, 1984 Order for Commitment to Anoka State Hospital. We affirm.

## FACTS

Kennedy was admitted to the Hennepin County Medical Center after his treatment team at Pursuit House, a community-based treatment center, became concerned for the safety of other residents due to Kennedy's increasing agitation and preoccupation with Pam Sady, a staff member at the Andrew Board and Care Facility where Kennedy was previously placed.

On December 22, 1983, while still living at Andrew, Kennedy confronted Sady's supervisor and threatened to kill him if he touched Sady. Kennedy, referring to a screwdriver held by the supervisor, said he would "ram it down" the supervisor's throat. On April 6, 1984, the trial court found Kennedy mentally ill and committed him to Anoka State Hospital. Staff members at Pursuit House reported that Kennedy's concern for Sady increased.

Appellant failed to timely file a brief on appeal, but has filed a short letter argument and raised several issues in his statement of the case.

## ISSUE

Did the trial court properly commit Kennedy to Anoka State Hospital?

## ANALYSIS

■ 1. The Order for Commitment is proper only if the trial court found, by clear and convincing evidence, that Kennedy was mentally ill, that there was no suitable alternative to judicial commitment, and that Anoka State Hospital was the least restrictive treatment facility which could meet Kennedy's treatment needs. Minn.Stat. § 253B.09, subd. 1 (1982).

The undisputed testimony of the court-appointed examiner and Kennedy's treating psychiatrist was that Kennedy had a psychiatric disorder and should be hospitalized at Anoka State Hospital. Kennedy refused to take prescribed medications which the doctors agree are necessary to stabilize his condition. Both doctors, a staff member from Andrew Board and Care, and a mental health worker from Pursuit House told the court of Kennedy's threatening behav-

ior. The court noted that Kennedy has continued to threaten persons he believes are harming Sady, even though there is no reasonable basis for his belief. The trial court rejected less restrictive alternatives due to Kennedy's instability without medication and his refusal to take medications voluntarily.

■ 2. In his statement of the case, appellant prematurely raised the issue of his right to treatment. The hospital is required to develop a treatment plan. Minn.Stat. § 253B.03, subd. 7 (1982). Kennedy may raise his right to treatment only if he is actually deprived of treatment. *See, generally, Bailey v. Noot,* 324 N.W.2d 164, 167–68 (Minn.1982).

■ 3. Kennedy also challenged the sufficiency of the evidence to force medication. The trial court's order, however, makes no reference to medications and the issue of patient refusal of medications is properly considered by the hospital treatment review board. Minn.Stat. § 253B.22 (1982 and Supp.1983).

## DECISION

Kennedy was shown to be mentally ill, as defined in Minn.Stat. § 253B.02, subd. 13 (Supp.1983) and the trial court properly committed him.

Affirmed.