**In the Matter of the Alleged Mental Illness of Margaret RINGLAND.**

No. C8–84–1535.

Court of Appeals of Minnesota.

Nov. 6, 1984.

court then found probable cause and ordered appellant held until the hearing on the petition. After trial on May 29, 1984, appellant was determined to be mentally ill and was committed to Anoka State Hospital.

Appellant's motion for a new trial based on (1) no preliminary hearing and (2) the alleged failure to inform her of the right to a second examiner was filed July 2, 1984. On July 9, 1984, appellant was discharged.

At oral argument, appellant's counsel waived the claim Ringland was not informed of her right to a second examiner.

David Kraker, Minneapolis, for Ringland.

Thomas L. Johnson, Hennepin County Atty., James R. Albrecht, Asst. County Atty., LaRae L. Bradley, Staff Atty., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant was committed to Anoka State Hospital by order dated May 29, 1984. She sought a new trial, arguing she never received a preliminary hearing. Prior to decision on the motion for a new trial, Ringland was fully discharged from the State Hospital. The referee denied the motion as moot. On review of the referee's order, the district court found appellant's rights were waived by her counsel. Ringland appeals the order for commitment and both orders denying her motion for a new trial. We affirm.

## FACTS

On May 23, 1984, appellant was examined by Dr. David Anderson, the court appointed examiner, and a preliminary hearing was scheduled for the same day. Appellant's counsel appeared and waived a contested hearing on probable cause to hold Ringland pending trial. The trial

## ANALYSIS

1. On appeal, Ringland does not contest the sufficiency of the evidence to find her mentally ill and in need of commitment or the choice of Anoka State Hospital as the treatment facility. Instead, she argues she was deprived of due process.

■ Proposed patients have a right to a preliminary hearing. *State ex rel. Doe v. Madonna*, 295 N.W.2d 356, 365 (Minn. 1980); Minn.Stat. § 253B.07, subd. 7 (Supp. 1983); Minn.R.Civ.Commitment 6.01. Appellant was informed a settlement conference, probable cause hearing, and first examination would occur on May 23, 1984.

■ 2. A probable cause hearing may be waived by the proposed patient on the record or by a written statement signed by the proposed patient and her counsel. Minn.R.Civ.Commitment 6.05. Trial courts should insist upon compliance with Rule 6.05 to eliminate any issue regarding waiver by the proposed patient. There is no record of a waiver by Ringland, although it is undisputed her counsel informed the trial court there was no need for a contested hearing on probable cause.

■ 3. Assuming appellant did not instruct her counsel to waive the probable cause hearing, the order for commitment is unaffected. The order was issued after a full hearing on the petition, and appellant does not contest the sufficiency of the evidence supporting the order. *See In re*

*Appeal of Leary,* 272 Minn. 34, 46, 136 N.W.2d 552, 560 (1965).

■■■ 4. Finally, the absence of a probable cause hearing in this matter is moot because Ringland does not contest the finding of mental illness and has been fully discharged from commitment. *See In the Matter of the Alleged Mental Illness of Robledo,* 341 N.W.2d 278, 279 (Minn.1983). Appellant's concern about her reputation, employment, and standing in the community is speculative. Moreover, appellant's concern regarding stigma has been addressed by the legislature. If she establishes that access to records of the commitment proceedings creates an undue hardship, Ringland may move the trial court to seal the records. *See* Minn.Stat. § 253B.23, subd. 9 (1982).

### DECISION

The trial court properly ordered Ringland committed to Anoka State Hospital. Waiver of a contested probable cause hearing by her counsel did not affect the validity of the commitment order. Since appellant has been discharged, the matter is now moot.

Affirmed.