In the Matter of the Alleged
Psychopathic Personality of
John Anton JOELSON.

No. C3–82–1521.

Supreme Court of Minnesota.

April 18, 1986.

Lawrence C. Commers, Minneapolis, for appellant.

Thomas L. Johnson, Co. Atty., Richard Osborne, Asst. Co. Atty., Minneapolis, for respondent.

COYNE, Justice.

Two years ago we affirmed the decision of a district court appeal panel adjudicating John Anton Joelson as a psychopathic personality under Minn.Stat. § 526.09 (1980). *In re Joelson,* 344 N.W.2d 613 (Minn.1984). In that proceeding Joelson had also contended that his indeterminate commitment to the Minnesota Security Hospital (MSH) at St. Peter violated his rights under the eighth and fourteenth amendments to the United States Constitution. Although we concluded that the evidence adequately supported the determination that Joelson is a psychopathic personality, we remanded the case to the probate court for an evidentiary hearing on the treatment available at MSH and Joelson's participation in it. We retained jurisdiction and, after the hearing and entry of findings of fact, conclusions of law and order, reinstated the appeal for further consideration. We concur with the probate court's determination that the treatment afforded Joelson at MSH is adequate to meet Joelson's constitutional challenge. We affirm the order of that court continuing Joelson's commitment.

Joelson is currently diagnosed as suffering from pedophilia with an antisocial personality. Although the psychological experts phrased their testimony variously, they appear to be, for the most part, in agreement about the nature of the disorder

and its prognosis. First, Joelson's disorder is serious and any recovery or modification will be a very slow process. Second, while few, if any, programs are designed specifically to deal with pedophilia, some programs dealing with sexual aggressiveness can treat pedophiliacs. One such program is MSH's Intensive Treatment Program for Sexual Aggressives (ITPSA). Because of his immaturity, lack of insight into his problems, and inability to control his aggressive behavior, including sexual aggressiveness, Joelson is not presently acceptable as a candidate for ITPSA.

Joelson is, however, receiving treatment in the Social Adaptation Community Program (SAC) at MSH. Although SAC is not designed to treat pedophilia directly, the individual program prepared for Joelson does address his lack of social skills. The goal of the SAC program is to help Joelson progress sufficiently that he will be admitted to ITPSA where his pedophilia can be addressed directly. Dr. James Jacobson, who testified on behalf of Joelson, diagnosed Joelson as suffering from an acute paranoid disorder, caused by years of institutionalization, and an affective disorder which limits Joelson's control over his impulses. In Dr. Jacobson's opinion, proper treatment would include teaching Joelson how to live on his own and to take care of himself. He recommended placing Joelson in a new environment with a small group of individuals who are neither aggressive nor abusive. He stated that the physical structure of the new environment must be secure. The Richard E. Miller Program was suggested as a possibility, but the record does not indicate that that program would accept Joelson. The Richard E. Miller Program is an open door program carried on in an unsecured house in a residential area.

Where the findings of fact rest almost entirely on expert opinion testimony, the probate judge's evaluation of credibility is of particular significance. Here the probate court's findings with respect to the pertinent facts—that Joelson's treatment program is adequate—are supported by the record as a whole and are not clearly erroneous. *Johnson v. Noot*, 323 N.W.2d 724 (Minn.1982). *See also Toombs v. Daniels*, 361 N.W.2d 801 (Minn.1985).

■ Every person committed pursuant to the Minnesota Commitment Act of 1982 is entitled "to receive proper care and treatment, best adapted, according to contemporary professional standards, to rendering further custody, institutionalization, or other services unnecessary." Minn.Stat. § 253B.03, subd. 7 (1984). While it is apparent that the SAC Program will not "cure" Joelson so that he can fully function in society, it is treatment which satisfies his statutory right to treatment and any constitutional right he may have to adequate treatment.[1] The SAC Program affords Joelson the opportunity to improve his mental condition. *See Bailey v. Noot*, 324 N.W.2d 164, 167 (Minn.1982). When Joelson progresses sufficiently, he will move from SAC to the ITPSA Program where his pedophilia can be addressed directly. The evidence suggests that this combination program may be the best treatment available to a pedophiliac with an antisocial personality.

■ Joelson also makes the related argument that he is entitled to be placed in the least restrictive facility that can meet his treatment needs. Minn.Stat. § 253B.09, subd. 1 (1984). Nothing in the record indicates that there is a facility less restrictive than MSH which would accept Joelson. More to the point, Joelson has been adjudicated a psychopathic personality pursuant to Minn.Stat. § 526.09 (1984), and committed to the Minnesota Security Hospital. Section 526.10 makes those provisions of chapter 253B pertaining to persons mental-

---

1. The United States Supreme Court has never held that the involuntarily committed have a constitutional "right to treatment." *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 16, n. 12, 101 S.Ct. 1531, 1539, n. 12, 67 L.Ed.2d 694 (1980). In *O'Connor v. Donaldson*, 422 U.S. 563, 573, 95 S.Ct. 2486, 2492, 45 L.Ed.2d 396 (1975), the Court expressly declined to decide whether mentally ill persons dangerous to themselves or to others have a right to treatment upon compulsory confinement by the state. While Minnesota has never ruled on this question, this court has recognized, in dictum, a constitutional right of a civilly-committed mental patient to adequate treatment. *Bailey v. Noot*, 324 N.W.2d 164, 167 (Minn.1982).

ly ill and dangerous to the public applicable to persons having a psychopathic personality—i.e., persons suffering from conditions which render them irresponsible for conduct with respect to sexual matters and thereby dangerous to other persons. Persons committed to MSH as mentally ill and dangerous can be transferred out of MSH *only* if the commissioner of human services is satisfied, after a hearing and favorable recommendation by the special review board, that a transfer is appropriate. Minn.Stat. § 253B.18, subd. 6 (1984). Any transfer decision requires consideration of the public safety. Minn.Stat. § 253B.18, subd. 6(v) (1984). *See also County of Hennepin v. Levine*, 345 N.W.2d 217, 220 (Minn.1984); *Lausche v. Commissioner of Public Welfare*, 302 Minn. 65, 69, 225 N.W.2d 366, 368 (1974), *cert. denied*, 420 U.S. 993, 95 S.Ct. 1430, 43 L.Ed.2d 674 (1975). Inasmuch as the matter has not been brought before the special review board, the contention here that Joelson, who suffers from pedophilia with an antisocial personality, should be placed in a less restrictive facility—particularly in an unsecured house in a residential area—is, at least, premature.

Affirmed.