**In the Matter of James Lloyd JOST, Mentally Ill and Dangerous to the Public.**

**In the Matter of Charles T. GARDNER.**

Nos. C4–88–2349, C5–89–751.

Supreme Court of Minnesota.

Jan. 5, 1990.

As Amended Jan. 9, 1990.

Allan R. Poncin, Minneapolis, for Charles Gardner.

Paul Widick, St. Cloud, for James Jost.

Elizabeth V. Cutter, Asst. Hennepin County Atty., Minneapolis, Roger Van Heel, Stearns County Atty., Kathryn E. Peterson, Asst. County Atty., St. Cloud, for respondent.

COYNE, Justice.

We granted the separate petitions for further review of James L. Jost and Charles T. Gardner to consider the propriety of the court of appeals dismissal of their respective appeals from orders of the district court denying their motions for a new trial in commitment proceedings. We reverse and remand to the court of appeals for consideration and disposition of the appeals on their respective merits.

Jost was originally found to be mentally ill and dangerous and was committed to the Minnesota Security Hospital on December 4, 1987. After further proceedings pursuant to Minn.Stat. ch. 253B, he was found to continue to be mentally ill and dangerous by order of April 20, 1988. It is particularly significant that while Jost at all times asserted his intention to appeal from the order directing his continued confinement, he did not do so. Counsel was appointed for this indigent individual after the time to appeal from the April 20 order had expired and thereafter a timely appeal was filed seeking review of the trial court's post-decisional order dated September 13, 1988 denying Jost's alternative motion for amended findings of fact or a new trial. The court of appeals dismissed the appeal as taken from a nonappealable order. *In re Jost,* 437 N.W.2d 89, 91 (Minn.App.1989).

Gardner was adjudicated mentally ill and dangerous by order of the district court dated December 28, 1988. Like Jost, he did not seek review of that order and, instead,

moved the district court for amended findings of fact or, in the alternative, for a new trial. An appeal was taken from the March 27, 1989 order denying the alternative motions. The court of appeals dismissed the appeal in an unpublished order, relying upon its earlier decision in *Jost.*

We have entertained review of these matters to clarify the confusion that attends the post-decisional practice in the area of mental commitment proceedings. *Compare In re Dibley,* 400 N.W.2d 186, 187–88 (Minn.App.1987) and *In re Ringland,* 357 N.W.2d 132, 133 (Minn.App.1984) *with In re Jost,* 437 N.W.2d at 90. It is necessary to point out that neither decisional nor statutory authority defines with precision the practice to be followed in obtaining timely appellate review while at the same time affording the trial court its well-established opportunity to correct any errors alleged to have occurred during the proceedings.

Minn.Stat. § 253B.23, subd. 7 (1988) provides that an aggrieved party in a proceeding under the Commitment Act may appeal from any order "as in other civil cases." Acknowledging this language as well as that of Minn.R.Civ.App.P. 103.03(d), which authorizes an appeal from an order denying a motion for a new trial, the court of appeals nevertheless concluded that proceedings of this nature are unique and are to be promptly dispatched and that, absent specific statutory authorization for a motion for a new trial, a timely appeal must be·taken only from the order or judgment directing or continuing a commitment.

■ We do not share the views expressed by the court of appeals. By its deliberate use of the phrase authorizing an appeal "from *any* order entered under this chapter as in other civil cases," the legislature has apparently chosen to create no distinction between the procedural remedies available to all civil litigants and those authorized for individuals participating in commitment proceedings. Minn.Stat. § 253B.23, subd. 7 (1988) (emphasis added). Accordingly, as in other civil cases, a post-decisional motion for a new trial is authorized and is consistent with our appellate

courts' stress on the importance of post-trial motions to preserve issues for review. We caution counsel that, as a parallel to other civil cases, the scope of appellate review of a denial of a new trial motion differs from that attending review of the underlying commitment decision.

■ We note with regard to the *Jost* matter alone that his failure to appeal from the order continuing his commitment seems to have been, at least in part, the product of the delay in the consideration of his request for the appointment of counsel. That factor, coupled with the compelling nature of these proceedings, *i.e.,* that an individual is deprived of liberty by virtue of the trial court's action, should have prompted the court of appeals, even if it concluded that the order was not appealable, to consider Jost's appeal in the interest of justice, rather than dismiss on a technical procedural ground.

For purposes of both of the consolidated appeals, we hold that a post-decisional motion for a new trial is authorized in commitment proceedings and that a timely appeal may be taken from the commitment order or judgment or from the denial of a motion for a new trial. *In re Hudson,* 220 Minn. 493, 495, 20 N.W.2d 330, 331 (1945). The dismissals of the appeals of Jost and Gardner are reversed and the matters are remanded to the court of appeals for a consideration and disposition of the appeals on their respective merits. Since continued consolidation of these matters is no longer appropriate on remand, the order of consolidation is herewith vacated.

The motion of Jost for attorney fees on appeal is denied.

Reversed and remanded.