**In re Luis Francisco RODRIGUEZ.**

**No. C9–93–1258.**

Court of Appeals of Minnesota.

Oct. 5, 1993.

Review Denied Nov. 30, 1993.

Marilyn B. Knudsen, St. Paul, for appellant.

Raymond F. Schmitz, Olmsted County Atty., Gary A. Gittus, Asst. County Atty., Rochester, for respondent.

Considered and decided by PARKER, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Luis Francisco Rodriguez appeals the trial court's order committing him to the Minnesota Security Hospital upon finding he has a psychopathic personality. We reverse.

## FACTS

In September 1992, a petition was filed to commit appellant as a psychopathic personality based on a lengthy history of sexual misconduct. Appellant had been convicted of fourth degree criminal sexual conduct in 1981 for sexual contact with a 16–year–old girl. After serving six months in jail for this offense, he was incarcerated in federal prison for approximately five years because the felony conviction violated his immigration status.

Appellant has since had seven convictions related to indecent exposure. In 1988, he was convicted of a number of misdemeanor charges, including indecent exposure, driving after suspension, no proof of insurance, possession of drug paraphernalia, possession of marijuana, and disorderly conduct. The state dismissed additional charges of driving after suspension, no proof of insurance, and four additional charges of indecent exposure.

In March 1989, appellant was convicted of disorderly conduct based on indecent exposure. His 90–day sentence was stayed on condition that he complete the Isolated Sex Offender Program (ISOP) and have no similar offenses. He failed to successfully complete the ISOP program and subsequently served jail time. He was admitted to another treatment program, but was unable to finish due to problems unrelated to reoffending.

In August 1989, appellant was convicted of gross misdemeanor indecent exposure. In 1991, appellant was convicted of four counts of indecent exposure. Two additional counts were dismissed pursuant to a plea bargain. In these incidents, appellant exposed his genitals to females ranging in age from nine to forty-five, in most cases while they were walking on a bicycle path. Appellant masturbated within several feet of some of the victims and followed them. Appellant was sentenced to serve three consecutive one-year terms. His release date, with good time and custody credit, was set for 1993.

At the commitment hearing, conflicting testimony was offered as to whether appellant met the standards for commitment. Dr. Jay Lucas, a clinical psychologist, testified that appellant suffers from a psychopathic personality. Dr. Lucas based his opinion on appellant's history of offenses, the attempts at treatment, and his patterned sexual offenses.

A social worker who treated appellant in 1989 testified that the illness was becoming progressive, and that if appellant continued to deny the incidents, his involvement in non-touch offenses would escalate to touch offenses. In his testimony, appellant's probation officer expressed concern that appellant was becoming more intrusive, and his victims were becoming younger.

Dr. John Austin, a psychologist, testified it was likely appellant would reoffend by exposing himself in the future. But in Dr. Austin's opinion, appellant—with only exposing offenses—did not meet the statutory criteria for commitment as a psychopathic personality.

The trial court committed appellant as a psychopathic personality. Luis Francisco Rodriguez appeals, and we reverse.

## ISSUES

I. Is this appeal untimely?

II. Was the evidence sufficient as a matter of law to show that appellant should be committed as a psychopathic personality?

## ANALYSIS

### I.

■ Respondent asserts the notice of appeal was untimely and the appeal should be dismissed. Commitment actions are special proceedings within the meaning of Minn. R.Civ.App.P. 103.03(g). *In re Jost*, 437 N.W.2d 89, 91 (Minn.App.1989), *rev'd on other grounds*, 449 N.W.2d 719 (Minn.1990). An appeal from a final judgment in a special proceeding must be taken within the time permitted for appeal from an order. Minn. R.Civ.App.P. 104.03; *Hofseth v. Hofseth*, 456 N.W.2d 99, 101 (Minn.App.1990). If a judgment is entered on a final order in a special proceeding, it must be appealed within 30 days after an adverse party serves notice of filing. Minn.R.Civ.App.P. 104.01; *Hofseth*, 456 N.W.2d at 101.

In the middle of the commitment hearing, appellant discharged his attorney and indicated he wished to proceed pro se. The court appointed an attorney as standby counsel. During the time appellant was proceeding pro se, respondent served the notice of filing on appellant's standby counsel. Notice was not served upon appellant personally, or on his appointed appellate counsel.

Every notice required to be served must be served upon each of the parties. Minn. R.Civ.P. 5.01. When a party is represented by an attorney, service shall be upon the attorney, unless otherwise ordered by the court. Minn.R.Civ.P. 5.02.

■ We find serving notice of filing upon standby counsel is not effective to limit the time for appeal under the rules, which require service on the party unless the party is represented by counsel. Because no effective notice of filing was served, the time for filing an appeal had not yet run, and the notice of appeal is timely. *See Hofseth*, 456 N.W.2d at 102 (service of notice of filing by non-adverse party does not trigger 30-day appeal period).

Appellant moved to strike certain documents submitted to this court, pursuant to Minn.R.Civ.App.P. 110.01. Because those documents concerned whether this court had jurisdiction to hear the appeal, the material was properly submitted to this court, and the motion to strike is denied.

### II.

■ We next address the merits. The commitment statute requires proof by clear and convincing evidence. Minn.Stat. §§ 526.10, subd. 1; 253B.18, subd. 1 (1992); *see In re Joelson*, 344 N.W.2d 613, 614 (Minn.1984). On appeal, the court must determine whether the trial court's findings of fact are supported by the record as a whole and are not clearly erroneous. *In re Joelson*, 385 N.W.2d 810, 811 (Minn.1986). This court need not defer to the trial court, however, on questions of law. *In re Stilinovich*, 479 N.W.2d 731, 734 (Minn.App.1992).

Minn.Stat. § 526.09 (1992) defines psychopathic personality as:

> [T]he existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of personal acts, or a combination of any such conditions, as to render such person irresponsible for personal conduct with respect to sexual matters and thereby dangerous to other persons.

In *State ex rel. Pearson v. Probate Court of Ramsey County*, 205 Minn. 545, 555, 287 N.W. 297, 302 (1939), *aff'd* 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940), the Minnesota Supreme Court narrowed the definition of a psychopathic personality to

> persons who by an habitual course of misconduct in sexual matters have evidenced an utter lack of power to control their sexual impulses and who as a result are likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of their uncontrolled and uncontrollable desire.

The *Pearson* court cautioned against an overbroad interpretation:

It would not be reasonable to apply the provisions of the statute to every person guilty of sexual misconduct nor even to persons having strong sexual propensities. Such a definition would not only make the act impracticable of enforcement and perhaps unconstitutional in its application, but would also be an unwarranted departure from the accepted meanings of the words defined.

*Id.,* 287 N.W. at 302–03. Even when a person's behavior may fall within the broadest possible literal reading of the statutory language, commitment as a psychopathic personality may not be appropriate. *Stilinovich,* 479 N.W.2d at 735.

In *In re Clements,* 440 N.W.2d 133, 136 (Minn.App.1989), *pet. for rev. denied* (Minn. June 21, 1989), this court affirmed the commitment of an exhibitionist. The expert in that case testified, however, that appellant's behavior had become dramatically different from his previous exhibitionistic behavior and was different from most exhibitionists. *Id.* at 134. While testimony indicated appellant's behavior here had escalated somewhat, it was not characterized in such threatening terms as in *Clements.* The trial court here found appellant had never made any overt acts towards his victims to show an intent of physical harm. The possibility of escalation was wholly speculative.

■ The trial court rejected Dr. Austin's testimony that appellant's behavior was not dangerous because appellant did not physically harm or assault his victims. We disagree with the trial court in its rejection of Dr. Austin's conclusion. While appellant's behavior is undoubtedly serious and disturbing to his victims, he did not have physical contact with them, molest, rape, or otherwise sexually assault them and ordinary criminal sanctions should suffice.[1] Further, even if *Clements* could not be distinguished on this basis, we would reject its holding, preferring instead to follow the views expressed there by Judge Irvine in dissent. *In re Clements,*

440 N.W.2d 133, 137 (Minn.App.1989) (Irvine, J., dissenting).

■ We believe that applying the psychopathic personality statute to a nonviolent exhibitionist is beyond the intent of the statute and *Pearson,* and consequently reverse appellant's commitment.

In light of our decision, we deem it unnecessary to reach other issues raised by appellant.

## DECISION

The commitment of appellant as a psychopathic personality is reversed.

**Reversed.**

HUSPENI, Judge (concurring in part, dissenting in part).

I agree with the majority that this appeal is timely. I respectfully dissent, however, from the majority's determination that applying the psychopathic personality statute to a nonviolent exhibitionist is beyond the intent of the statute and beyond the sweep of *State ex rel. Pearson v. Probate Court of Ramsey County,* 205 Minn. 545, 287 N.W. 297 (1939), *aff'd* 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940).

In *In re Clements,* 440 N.W.2d 133 (Minn. App.1989), *pet. for rev. denied* (Minn. June 21, 1989), this court addressed both Minn. Stat. § 526.09 and *Pearson* in affirming the psychopathic personality commitment of an individual who, similar to appellant here, had never actually inflicted injury. The *Clements* court observed that:

The trial court was not required to delay commitment until appellant or someone else was actually harmed, "so long as the danger of appellant's condition had already become evident."

*Id.* at 136 (quoting *In re Terra,* 412 N.W.2d 325, 328 (Minn.App.1987)).

The majority here rejects the holding of *Clements* in favor of indicating support for

---

1. The threshold for the application of the psychopathic personality statute must be high enough to justify indefinite commitment. Any crime involving sexual misconduct suggests the lack of power to control sexual impulses. Commitment for an indeterminate period is clearly not appropriate, however, for all sexual offenses. Thus, the mere lack of sexual control by itself can not warrant commitment as a psychopathic personality.

the *Clements* dissent. I cannot adopt my colleagues' approach to *Clements;* neither am I able to distinguish that case factually from the one we are deciding here.

Review of the testimony presented in this case supports, I believe, the trial court's determination that "the evidence * * * is clear and convincing that in [appellant] there exists a psychopathic personality."

Appellant raises several other issues. He argues that the hearing was not timely because it was not held within the required 44-day period. *See* Minn.Stat. § 253B.08, subd. 1 (1992). That requirement was waived under the facts of this case. *See In re Buckhalton,* 503 N.W.2d 148, 151 (Minn.App.1993), *pet. for rev. granted* (Minn. Sept. 10, 1993). Appellant also contends his commitment violates due process. This court's recent decision rejecting that argument is controlling at present. *In re Blodgett,* 490 N.W.2d 638 (Minn.App.1992), *pet. for rev. granted* (Minn. Nov. 3, 1992).

A final matter is troubling. During the commitment hearing appellant discharged his attorney and the trial court appointed standby counsel to assist him. The record is silent, however, as to any inquiry by the court to determine whether appellant knowingly and intelligently waived his right to counsel.

The majority, having determined as a matter of law that the psychopathic personality statute was inapplicable to the conduct exhibited by appellant, was not required to address the issue of waiver of counsel. Because I view the sweep of statute and case law as broad enough to cover appellant's conduct, I would remand the issue of waiver of counsel to the trial court with directions to determine whether appellant, in fact, had the capacity to waive his right to counsel and whether he did so knowingly and intelligently. *See State v. Richards,* 456 N.W.2d 260, 263 (Minn.1990); *In re S.Y.,* 162 Wis.2d 320, 469 N.W.2d 836, 842 (1991).